# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-04-00398-CR

**Francisco Garza, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 03-648-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

In this case, we decide whether a district court's decision to cumulate sentences violates a defendant's right to trial by jury. We affirm the order of the district court.

### BACKGROUND

Appellant Francisco Garza was tried on three counts of sexual assault of a child, a second degree felony. Garza plead not guilty to all counts, but the jury found him guilty on all three counts.

The indictment contained an enhancement paragraph alleging that Garza had previously been convicted of a felony. This prior conviction enhanced the punishment range to that of a first degree felony (five to 99 years or life in prison and an optional maximum fine of $10,000). *See* Tex. Pen. Code Ann. § 12.32 (West 2003). Garza pleaded true before the jury to this

enhancement paragraph. The jury found it to be true and sentenced Garza to confinement for 25 years in prison and a $500 fine for count one, 10 years in prison for count two, and 10 years in prison for count three. Garza requested that the jury decide whether the sentences should be cumulated, but the district court denied this motion. Instead, the district court ordered the sentences to be served consecutively.

## DISCUSSION

Garza brings two issues on appeal. First, he argues that the court's decision to cumulate his sentences violates his Sixth Amendment right to trial by jury because the issue of cumulation should have been submitted to the jury. Second, he contends that the court's decision to cumulate his sentences violated his right to a trial by jury under Article I, Section 15 of the Texas Constitution.

**Preservation of error**

As a threshold matter, the State argues that Garza has failed to preserve error regarding his Sixth Amendment claim by failing to make a timely, specific objection and obtain a ruling from the court. *See* Tex. R. App. P. 33.1. We disagree. Under Texas law, the right to trial by jury can be extinguished only by express waiver. *See Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002); *Marin v. State*, 851 S.W.2d 275, 278-79 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997). If there is no such waiver, error can be urged on appeal whether or not it was first urged in the district court. *Marin*, 851 S.W.2d at 280. Because he can give up his right to trial by jury only by express waiver, and he did

not expressly waive that right, Garza is allowed to urge error on appeal. We overrule the State's contention that error was not preserved.

Additionally, the State argues that Garza waived review of his Texas constitutional issue because he has failed to provide separate research and arguments on that issue. We agree. Garza has provided argument and authority under only the United States Constitution, and has, therefore, forfeited consideration of the Texas constitutional issue. *See Shuffield v. State*, 189 S.W.3d 782, 788 (Tex. Crim. App. Feb. 15, 2006) (citing *Heitman v. State*, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991)). Because Garza has waived review of his Texas constitutional claim, we will analyze only his Sixth Amendment claim.[1]

**Standard of review**

Texas statutes give a trial court discretion to order that a defendant's sentences run consecutively under most circumstances, including those shown here. *See* Tex. Code of Crim. Proc. Ann. art. 42.08(a) (West Supp. 2005); Tex. Pen. Code Ann. § 3.03 (West Supp. 2005). Therefore, we review a decision regarding consecutive sentences under an abuse of discretion standard. *See Marci v. State*, 12 S.W.3d 505, 511 (Tex. App.—San Antonio 1999, pet. ref'd). An abuse of discretion will generally be found only if the trial court imposes consecutive sentences where the law requires concurrent sentences, if the court imposes concurrent sentences where the law requires consecutive sentences, or if the court otherwise fails to observe the statutory sentencing

---

[1] Even if Garza had preserved his Texas constitutional claim of right to jury trial, our analysis of that issue would be identical to our analysis of the Sixth Amendment issue, as he assumes that the two provisions are coextensive.

3

requirements. *Nicholas v. State,* 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

The issue presented also requires us to interpret the Sixth Amendment, a question of law. We review constitutional issues *de novo*. *See Lilly v. Virginia*, 527 U.S. 116, 137, 119 S. Ct. 1887, 144 L. Ed. 2d 117 (1999); *Campos v. State*, 186 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Davis v. State*, 169 S.W.3d 660, 665 (Tex. App.—Austin 2005, pet. granted); *Wilson v. State*, 151 S.W.3d 694, 697 (Tex. App.—Fort Worth 2004, pet. ref'd); *Muttoni v. State*, 25 S.W.3d 300, 304 (Tex. App.—Austin 2000, no pet.).

**Sixth Amendment**

Garza argues that the district court's decision to cumulate his sentences violated his Sixth Amendment right to a trial by jury, as construed in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court considered the constitutionality of a New Jersey hate crime statute. The statute at issue allowed a jury to convict a defendant of the second-degree offense of unlawful possession of a prohibited weapon; after a later and separate proceeding, the statute then permitted the trial court to impose punishment identical to that which New Jersey provides for a crime of the first degree based on the judge's findings, that by a preponderance of the evidence, the crime was motivated by racial bias. *Id.* at 491. The Supreme Court held the statute to be unconstitutional, stating that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Texas courts have since adopted the rule set out in *Apprendi*. *See Ex parte Boyd*, 58 S.W.3d 134, 136 (Tex. Crim. App. 2001).

Garza's reliance on *Apprendi* and its progeny is misplaced for two reasons. First, in *Apprendi*, the Court was concerned with a trial court's finding of facts, other than prior convictions, that increased the penalty for a crime beyond the statutory maximum. In this case, the district court did not do so. Garza pleaded true to the enhancement paragraph, and the enhancement paragraph was also found to be true by the jury. The jury, not the district court, found the facts that increased the penalty range. Furthermore, even if it could be argued that the district court acted as fact-finder on the enhancement paragraph, it found only that Garza had a prior conviction, which is clearly permitted by the rule of *Apprendi*.

Second, *Apprendi* applies only to a sentence imposed beyond the statutory maximum for a crime. *Apprendi*, 530 U.S. at 490. The statutory maximum for *Apprendi* purposes is the maximum sentence a judge can impose based on the facts reflected in the jury verdict or as admitted by the defendant. *Blakely v. Washington*, 542 U.S. 296, 303 (2004). The jury verdict in this case found Garza guilty of three counts of sexual assault of a child, a second degree felony. The jury also found true the enhancement paragraph. Under Texas law, if a person convicted of a second-degree felony has previously been convicted of a felony, he shall be punished for a first-degree felony. Tex. Pen. Code Ann. § 12.42(b) (West 2003). The punishment for a first degree felony is imprisonment for life or for any term not less than 5 years or more than 99 years, plus a fine not to exceed $10,000. *Id.* § 12.32. In this case, the sentence imposed for each count was well within the statutory maximum. For this reason, *Apprendi* does not apply.

The contention that a trial court's cumulation of sentences by a trial court violates the Sixth Amendment was recently rejected by the Waco Court of Appeals. *See Marrow v. State*, 169

S.W.3d 328 (Tex. App.—Waco 2005, pet. ref'd). In *Marrow*, the court noted that several federal appellate courts have rejected the idea that *Apprendi* is violated when a trial court orders cumulation of sentences if each individual sentence lies within the statutory range of punishment, even if the cumulative sentence exceeds the statutory maximum for any single offense.[2] *Id.* at 330-31. For example, in *United States v. McWaine*, the Fifth Circuit held that *Apprendi* is not violated when the total punishment for a crime exceeds the highest statutory maximum on a particular count, so long as the punishment assessed for each single count does not exceed the statutory maximum. 290 F.3d 269, 276 (5th Cir. 2002); *see also United States v. Davis*, 329 F.3d 1250, 1253-55 (11th Cir. 2003); *United States v. McLeod*, 251 F.3d 78, 82 (2d Cir. 2001).

As noted above, Garza's punishment for each count was assessed well within the prescribed statutory maximum. Additionally, the cumulation of his sentences does not yield a punishment in excess of the statutory maximum for any of the counts. If the holding in *Apprendi* allows for cumulation in which the total exceeds the statutory maximum for a single count, certainly it allows for cumulation in which the total does not exceed the statutory maximum. *See Millslagle v. State*, 150 S.W.3d 781, 785 (Tex. App.—Austin 2004, pet. dism'd).

The district court did not find any facts that increased the penalty for any of his crimes beyond the statutory maximum, and the cumulation of his sentences did not extend his punishment outside the statutory maximum for any of his crimes. Therefore, Garza's first point of error is overruled.

---

[2] Texas courts have also reached this conclusion, but only in unpublished opinions. *Marrow v. State*, 169 S.W.3d 328, 331 (Tex. App.—Waco 2005, pet. ref'd).

**CONCLUSION**

Because we have overruled Garza's first issue and he has forfeited consideration of his second issue, we affirm the order of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:   June 23, 2006

Do Not Publish