COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-290-CR

EX PARTE

JUAN DAVID HERNANDEZ

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 

Appellant Juan David Hernandez appeals from the trial court’s order denying him relief on his application for writ of habeas corpus filed pursuant to article 11.072 of the Texas Code of Criminal Procedure.  In seven points, Hernandez argues that he was denied due process and equal protection of the law, that he received ineffective assistance of counsel at the plea proceeding, and that his guilty plea was not voluntarily, freely, and knowingly made.  We will affirm.

I.  Factual and Procedural Background

Hernandez is a Mexican national who married a United States citizen in 1980 and later became a permanent resident of the United States in 1989.  On September 16, 2000, Hernandez was arrested for possessing a controlled substance, cocaine, of more than one but less than four grams.  The arresting officers did not advise Hernandez that he had a right to contact the Mexican Consulate.  A grand jury indicted Hernandez, who subsequently pleaded guilty.  A Texas district court placed Hernandez on a four-year term of deferred adjudication community supervision, which subsequently expired in November 2004 without further event. 

In 2006, the federal government initiated deportation proceedings against Hernandez based at least in part on the guilty plea and deferred adjudication community supervision order challenged herein.  The Federal Government set a hearing on the removal proceedings for May 23, 2006.  But before that hearing took place, Hernandez filed an application for an article 11.072 writ of habeas corpus in the trial court that initially ordered the deferred adjudication community supervision.  
Tex. Code Crim. Proc. Ann.
 art. 11.072 (Vernon Supp. 2006).  The trial court conducted a hearing by affidavit only, considered the affidavit of Hernandez’s trial counsel at the previous plea proceedings, adopted the State’s proposed findings of fact and conclusions of law, and ultimately denied relief.  Hernandez timely filed his notice of appeal. 

II.  Writs in Community Supervision Cases

Article 11.072 provides an opportunity for habeas corpus relief for defendants convicted of a felony or misdemeanor and ordered to community supervision.  
See 
Tex. Code Crim. Proc. Ann.
 art. 11.072, § 1; 
Ex parte Cummins
, 169 S.W.3d 752, 756 (Tex. App.—Fort Worth 2005, no pet.).  Article 11.072 provides that at "the time the application is filed, the applicant must be, or have been, on community supervision, and the application must challenge the legal validity of: (1) the conviction for which or order in which community supervision was imposed; or (2) the conditions of community supervision."  
Tex. Code Crim. Proc. Ann.
 art. 11.072, § 2(b). 

If the application meets these standards, it shall be filed in the court where community supervision was imposed.  
Tex. Code Crim. Proc. Ann.
 art. 11.072, § 2
(a).  Upon determination of whether the applicant is entitled to relief, the trial court "shall enter a written order including findings of fact and conclusions of law."  
Id.
, art. 11.072, § 7.  If the trial court denies the application "in whole or in part, the applicant may appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure.”  
Id.
, art. 11.072, § 8; 
Arreola v. State
, 207 S.W.3d 387, 390 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In reviewing a trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. 
 Ex parte Twine
, 111 S.W.3d 664, 665 (Tex. App.—Fort Worth 2003, pet. ref’d).  
In conducting our review, we afford almost total deference to the judge's determination of the historical facts that are supported by the record. 
 Id
.

III.  Vienna Convention Claim Procedurally Defaulted

In his first point, Hernandez contends that he was denied due process and equal protection of the law when arresting officers failed to advise him of his rights under the Vienna Convention.  Hernandez employs an article 11.072 writ to challenge the community supervision order by arguing that the due process and equal protection violations ultimately led to the order.  

On appeal from a plea bargain, an appellant may challenge only matters raised by pretrial motion and matters that the trial court gives permission to appeal.  
Tex. R. App. P
. 25.2(a)(2); 
Chavez v. State
, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).  Here, there were no pretrial motions, and the trial court's plea papers stated that "[t]his Court seldom consents to an appeal where conviction is based upon a Guilty Plea."  Although Hernandez predicates his due process and equal protection claims on individual rights he claims that the Vienna Convention confers upon him, we need not address whether the Vienna Convention confers judicially enforceable rights because claims brought under Article 36 of the Vienna Convention are nevertheless subject to state procedural default rules.  
See Sanchez-Llamas v. Oregon
, 
          
 U.S. 
        
,
            
, 126 S. Ct. 2669, 2687(2006); 
Ex parte Medellin
, No. AP-75207, 2006 WL 3302639, at *8 (Tex. Crim. App. Nov. 15, 2006), 
cert. granted
, 
Medellin v. Texas
, 75 USLW 3583 (U.S. Apr. 30, 2007) (No. 06-984).  Because Hernandez never raised this issue in the trial court, the rules of procedural default prevent him from asserting it in a habeas proceeding.  
See Ex parte Boyd
, 58 S.W.3d 134, 136 (Tex. Crim. App. 2001); 
see also Ex parte Medellin
, 2006 WL 3302639, at *7-8 (holding that Vienna Convention complaints are subject to Texas procedural default rules).  Accordingly, we overrule Hernandez’s first point.

IV.  No Request or Need for Independent Interpreter

In his second point, Hernandez argues that he was denied due process, equal protection of the law, and a fair trial because the court failed to provide an independent interpreter to ensure his understanding of the plea proceedings.  The Texas Government Code states that "[a] court shall appoint a certified court interpreter or a licensed court interpreter if a motion for the appointment of an interpreter is filed by a party or requested by a witness in a civil or criminal proceeding in the court."  
Tex. Gov't Code Ann. § 
57.002(a) (Vernon Supp. 2006).
  A court may also, on its own motion, appoint an interpreter.  
See id.
 § 57.002(b).  But when the record is devoid of any request for an interpreter and does not demonstrate that a defendant cannot understand the proceedings, the defendant waives the right to complain of the trial court’s failure to appoint an interpreter.  
See Hernandez v. State
, 986 S.W.2d 817, 822 (Tex. App.—Austin 1999, pet. ref’d).

After thoroughly reviewing the record, we find no motion requesting the appointment of an interpreter and the record does not reflect that Hernandez could not understand the proceedings.  To the contrary, although Hernandez’s wife filed an affidavit supporting his application for a writ of habeas corpus in the trial court, stating that “it was very apparent that [Hernandez] did not understand English,” the attorney representing Hernandez at the plea proceedings filed her own affidavit indicating that she was a native Spanish speaker, that she learned to speak Spanish as her first language, that she was still fluent in Spanish, and that she communicated with Hernandez in Spanish.  Viewing the evidence in the light most favorable to the trial court’s ruling, we hold that Hernandez was not denied due process, equal protection, or a fair trial by the trial court’s failure to appoint an interpreter.  
See
 
Ex parte Twine
, 111 S.W.3d at 665-66;
 Rivera v. State
, 981 S.W.2d 336, 338 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (holding that trial court does not err by failing to appoint interpreter where defense counsel is capable of interpreting for the defendant). 
 
 We therefore overrule Hernandez’s second point.

V.  Effective Assistance of Counsel

In his third, fourth, fifth, and sixth points, Hernandez asserts that his trial counsel provided ineffective assistance by failing to challenge the lack of  notice to him of his right to access to a Mexican Consul, failing to ensure that the court appointed an interpreter, failing to investigate Hernandez’s resident status, and failing to advise him of possible immigration consequences, respectively.  

To prevail on a claim of ineffective assistance of counsel, the defendant must show that trial counsel's performance was deficient and that a reasonable probability exists that the result of the proceeding would have been different but for the deficiency.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  The first prong of the 
Strickland
 test requires that the appellant show that counsel's performance fell below an objective standard of reasonableness. 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  Thus, the defendant must prove objectively, by a preponderance of the evidence, that trial counsel's representation fell below professional standards. 
Mitchell v. State
, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).  The second prong requires that the defendant show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
See Strickland
, 466 U.S. at 694, 104 S. Ct. at 2068; 
Thompson
, 9 S.W.3d at 812.  Under the first prong, however, a reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.  Any allegation of ineffectiveness must be firmly founded in the record, and the record must demonstrate affirmatively the alleged ineffectiveness. 
Thompson
, 9 S.W.3d at 813.

A.  Failure to Challenge Arresting Officer’s Failure to Advise Defendant 

of Right to Contact Foreign Consulate Not Below Professional Standards

In his third point, Hernandez contends that his trial counsel provided ineffective assistance by failing to challenge the arresting officer’s failure to advise Hernandez that he had the right to access the Mexican Consulate.   Here, Hernandez’s trial counsel indicated that she had experience with clients who had contacted the Mexican Consulate and that she had also attempted to contact the Consulate herself on behalf of other clients.  In her affidavit, she also stated that she “personally advised [Hernandez] of his right to contact the Mexican Consul[ate] before accepting the plea. . . . I also encouraged him to seek advice from an immigration attorney before he entered a plea.” 

Hernandez cites no professional standards that indicate that his trial counsel should have challenged the 
arresting officer’s 
failure to advise him of the right to consult the Mexican Consulate.  His trial counsel did advise him of his right to personally contact the Mexican Consulate, and advised him to contact an immigration attorney before entering the plea.  Considering both the strong presumption that this conduct fell within the wide range of reasonable professional assistance, 
see Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065, and Hernandez’s failure to prove, by a preponderance of the evidence, that the range of professional assistance included challenging the arresting officer’s alleged omission here, we hold that his trial counsel was not deficient.  
See Mitchell
, 68 S.W.3d at 642.
 
 Accordingly, we overrule Hernandez’s third point.

B.  No Firmly Founded Evidence in Record on Remaining Alleged 

Ineffective Assistance Grounds

Regarding Hernandez’s remaining ineffective assistance points—that his trial counsel provided ineffective assistance by failing to ensure that the court appointed an interpreter, by failing to investigate Hernandez’s resident status, and by failing to advise him of possible immigration consequences—we are confronted with conflicting evidence in the record.  On one hand, Hernandez’s wife filed an affidavit stating that “it was very apparent that [Hernandez] did not understand English” and that Hernandez’s trial counsel “never informed [Hernandez] of the immigration consequences of the plea nor did he inquire into [Hernandez’s] citizenship status.”  On the other hand, however, Hernandez’s trial counsel filed an affidavit stating,

I communicated with [Hernandez] in Spanish.  I questioned him on his status in the United States and was aware that he was a permanent resident.  I admonished him of all of his rights: his rights under the Vienna Convention, his rights that flowed from the Constitution of the United States and his rights under the laws of the State of Texas.  I discussed with him and explained the possible impact on his residency status in the United States.

Even if we give equal weight to both of these affidavits, Hernandez has failed to prove, by a preponderance of the evidence, that his trial counsel’s conduct fell below professional standards.  The record contains evidence that Hernandez’s counsel both did and did not investigate his resident status.  The record also contains evidence that Hernandez’s counsel did and did not advise him of possible immigration consequences.  At most, the record contains conflicting evidence.

Viewing the evidence in the light most favorable to the trial court’s ruling, as we must, we hold that the conflicting evidence in the record here does not satisfy the requirement that counsel’s ineffectiveness be founded in the record.  
See Thompson
, 9 S.W.3d at 813.  Accordingly, Hernandez did not meet the first prong of the 
Strickland
 test.  
See id.  
We therefore overrule Hernandez’s fourth, fifth, and sixth points.

VI.  Voluntary Guilty Plea

In his seventh point, Hernandez contends that his guilty plea was not made knowingly, voluntarily, and freely because his trial counsel failed to warn  him of immigration consequences and failed to investigate his citizenship status and because the trial court and his trial counsel failed to secure an independent interpreter.   

When the record indicates that the trial court properly admonished the defendant, a prima facie showing exists that the guilty plea was made voluntarily and knowingly.  
See Martinez v. State
, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); 
Arreola
, 207 S.W.3d at 391.  At that point, the burden shifts to the defendant to show that he entered the plea without understanding the consequences.  
See Arreola
, 207 S.W.3d at 391.  Where the defendant attested that he understood the nature of his plea and that it was voluntary at the time he entered his guilty plea, he bears a heavy burden to show that his plea was involuntary.  
See id; Dusenberry v. State
, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d).

An election to plead guilty, however, is not knowing and voluntary when based upon the erroneous advice of counsel.  
See Ex parte Battle
, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991).  Notwithstanding counsel’s advice, deportation and other adverse immigration consequences are generally considered to be collateral consequences of a guilty plea.  
See State v. Jimenez
, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999).  Any failure of counsel to advise a defendant of the possibility of deportation or other collateral consequences of a guilty plea does not render the plea involuntary.  
See id.

Hernandez argues that to be a valid guilty plea, “there must be an admonishment warning of the immigration consequences of the plea and inquiring into the citizenship status of the accused” and cites article 26.13(a)(4) of the code of criminal procedure.  
But that code provision merely requires that the trial court admonish the defendant that the plea could result in deportation, exclusion from admission to this country, or denial of naturalization under federal law.  
See 
Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(4).
  The trial court here gave Hernandez just such written admonishments.

In a paragraph titled “Citizenship,” which appears in bold, underlined type, the court admonished Hernandez that “[i]f you are not a citizen of the United States of America, a plea of guilty or nolo contendere for this offense may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.”  Hernandez signed these written admonishments.  Hernandez also signed a written waiver indiciating,

I am able to read the English language and fully understand each of the written plea admonishments given by the Court and I have no questions.  If I am unable to read the English language, then my attorney or an interpreter for my attorney has read this entire document to me in my own language and I fully understand each of the written plea admonishments given by the Court and I have no questions.

Hernandez further attested that he was “aware of the consequences of [his] plea” and that the plea was “knowingly, freely, and voluntarily entered.”  

By admonishing Hernandez in writing, the trial court established a prima facie showing that Hernandez’s plea was made voluntarily and knowingly.  
See Martinez
, 981 S.W.2d at 197; 
Arreola
, 207 S.W.3d at 391.  Because a prima facie showing existed, and because Hernandez attested that he understood the nature of his plea and that it was voluntary at the time he entered the plea, Hernandez has a heavy burden to show that he entered the plea without knowing the consequences.  
See Arreola
, 207 S.W.3d at 391.

The only evidence supporting Hernandez’s claim that his plea was not made knowingly, voluntarily, and freely came from his wife’s affidavit.  Her affidavit stated that Hernandez’s “counsel never advised him of any immigration consequences associated with his plea (which was entered at the insistence of his counsel at the time).”  But the same counsel who assisted Hernandez in entering the plea filed her own affidavit stating that Hernandez’s other counsel of record and herself were

both aware of [Hernandez’s] immigration status and advised him of the consequences of his plea. [We] both communicated with [Hernandez] in Spanish. . . . While reviewing the portion of the waiver of rights that explains immigration consequences[,] I once again explained to [Hernandez] that the immigration issues were grave because he was a permanent resident.  I explained that even though he was not convicted I could not assure that he would not be picked up by immigration when he reported to probation.  I could not promise him that he would not be deported in the future or even denied reentry into the United States. . . . I also encouraged [Hernandez] to seek advice from an immigration attorney before he entered a plea.  I could not override his decision, I could only advise him of the consequences of his plea.  Deportation or removal was a possible consequence. [Hernandez] was thoroughly admonished of his rights under State law, the Vienna Convention[,] and possible immigration ramifications.  It was his decision not to seek advice from an immigration attorney.  It was his decision[,] and his decision alone[,] to accept the State’s offer.

The trial court relied upon this affidavit in its order denying Hernandez’s relief and entered findings of fact essentially adopting the above cited portions of Hernandez’s trial counsel’s affidavit.  The trial court also entered findings of fact that “[t]here is no credible evidence that [Hernandez] did not understand the admonishments or the consequences of his plea” and that there was “evidence that [Hernandez] was fully admonished and did understand the consequences, including possible immigration consequences.” 

Viewing all of the evidence in the light most favorable to the trial court’s ruling, we hold that Hernandez has not met his burden to show that his plea was not made knowingly, voluntarily, and freely with a full understanding of the consequences of the guilty plea.  
See Arreola
, 207 S.W.3d at 391.  We therefore overrule Hernandez’s seventh point.

VII.  Conclusion

Having dismissed Hernandez’s first point and having overruled the remainder of Hernandez’s issues, we affirm the trial court’s judgment denying Hernandez habeas relief.

PER CURIAM

PANEL F: WALKER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 24, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.