IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. WR-65,054-04






EX PARTE GENE WILFORD HATHORN, JR., Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS


FROM THE 411TH JUDICIAL DISTRICT COURT


TRINITY COUNTY
 





Holcomb, J., filed a statement dissenting to the dismissal of the application for writ of habeas

corpus.



 I respectfully dissent. After reviewing the case record and this Court's own records, I
conclude that we should reconsider, on our own motion, the Penry (1) claim contained in applicant's
initial application for habeas corpus relief and that we should file and set that claim for our review.

 In June 1985, applicant was tried before a Trinity County jury, found guilty of the capital
murder of his father, and sentenced to death. In the course of the punishment stage of applicant's
trial, he presented evidence that, as a child, he had suffered significant abuse (including frequent
beatings), neglect, and emotional deprivation at the hands of his father and stepmother. Although
applicant did not at that time request an extra-statutory special punishment issue regarding this
mitigating evidence of a troubled childhood, he was certainly entitled to one, because such evidence
was beyond the scope of the special punishment issues in effect at that time. See Ex parte Moreno,
245 S.W.3d 419 (Tex.Crim.App. 2008).

 In December 1987, before the decision in Penry was handed down, applicant filed his direct-appeal brief in this Court. In October 1992, we rejected all of his points of errors and upheld his
conviction and sentence. Hathorn v. State, 848 S.W.2d 101 (Tex.Crim.App. 1992). 

 In April 1997, applicant filed his initial application for habeas corpus relief. In that initial
application, applicant, citing Penry, argued for the first time that the jury at his trial had lacked a
vehicle with which to give effect to the mitigating evidence mentioned previously. In June 2006,
the trial court (finally) forwarded applicant's initial application to this Court, and in September 2006,
we denied relief on that application in a summary order. My review of this Court's own internal
records reveals that we denied applicant's Penry claim on the ground that he could have, but did not,
raise it on direct appeal.

 In Ex parte Moreno, supra, we recognized that, in extraordinary situations, we may
reconsider, on our own initiative, a post-conviction application for habeas corpus relief. I conclude
that this case presents one of those extraordinary situations and that we should reconsider applicant's
initial application for habeas corpus relief. My conclusion is based on two simple facts. First, we
were mistaken when we denied the Penry claim in applicant's initial application on the procedural
ground that he could have asserted that claim on direct appeal. Although it is true that, in the usual
case, habeas corpus may not be used to litigate claims that could have been asserted on direct appeal,
Ex parte Townsend, 137 S.W.3d 79, 81 (Tex.Crim.App. 2004), we have held that an applicant whose
trial occurred before the Penry decision was handed down may bring a Penry claim for the first time
on habeas corpus, because the Penry decision constituted a substantial change in the law, Ex parte
Goodman, 816 S.W.383, 385 n. 4 (Tex.Crim.App. 1994). We reaffirmed the principle underlying
Goodman in Ex parte Boyd, 58 S.W.3d 134, 136 (Tex.Crim.App. 2001). We have also held that an
applicant may obtain habeas corpus relief for unobjected-to Penry error if he can show egregious
harm due to that error. Ex parte Smith, 185 S.W.3d 455, 463-464 (Tex.Crim.App. 2006), rev'd on
other grounds, 127 S.Ct. 1686 (2007). Thus, when we denied the Penry claim in applicant's initial
application on procedural grounds, we were ignoring our own precedents.

 Second, it appears that applicant's Penry claim has merit. As previously mentioned,
applicant presented, at the punishment stage of his trial, evidence that he had had a seriously troubled
childhood. Such evidence was beyond the scope of the special punishment issues in effect at the
time of applicant's trial, and the trial court's (understandable) failure to give a Penry instruction to
the jury arguably caused applicant egregious harm.

 For the foregoing reasons, I respectfully dissent.


FILED: APRIL 7, 2008 

DO NOT PUBLISH
1. Penry v. Lynaugh, 492 U.S. 302 (1989).