

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,332

**EX PARTE PABLO MARTINEZ Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 94CR5200 IN THE 144TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte*

*Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child

and sentenced to twenty years' imprisonment. The Fourth Court of Appeals affirmed his conviction.

*Martinez v. State*, No. 04-96-00642-CR (Tex. App.–San Antonio, delivered July 22, 1998).

Applicant contends that his sentence is unlawful because it is outside the range of punishment

for the offense for which he was convicted. Specifically, he contends that the trial court improperly

enhanced his punishment from a third-degree felony to a second-degree felony based on a finding

that Applicant committed the offense against the victim in this case based on bias or prejudice without submitting that issue to a jury.

In *Ex parte Boyd*, a case in which the defendant's second-degree felony punishment for aggravated assault was enhanced to first-degree felony punishment based on the trial court's finding that the defendant selected his victim based on bias or prejudice, this Court held that issues of fact which increase a defendant's punishment range must be submitted to a jury. *Ex parte Boyd*, 58 S.W.3d 134 (Tex. Crim. App. 2001). Because that issue was not submitted to a jury, this Court found a due process violation based on the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and granted relief.[1] *Id.* The same scenario has occurred in the instant case. Applicant was subjected to the next higher range of punishment and he received the maximum sentence based on the trial court's finding of bias or prejudice, an issue which was not submitted to the jury.

Relief is granted. The sentence in Cause No. 94CR5200 in the 144th Judicial District Court of Bexar County is set aside, and Applicant is remanded to the custody of the Sheriff of Bexar County so that a new punishment hearing may be held.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: April 28, 2010
Do Not Publish

---

[1] As in this case, Boyd was convicted and sentenced prior to the Supreme Court's decision in *Apprendi*.