The STATE of Texas, Appellant,

v.

Patricia JIMENEZ a/k/a Ana Maria Martinez, Appellee.

No. 08–97–00100–CR.

Court of Appeals of Texas, El Paso.

Nov. 13, 1997.

Jaime E. Esparza, District Attorney, El Paso, for Appellant.

Monty B. Roberson, El Paso, for Appellee.

Before LARSEN, McCLURE and CHEW, JJ.

*OPINION*

CHEW, Justice.

The trial court granted Patricia Jimenez, also known as Ana Maria Martinez, a post-conviction writ of habeas corpus and allowed her to withdraw her guilty plea and set aside and dismissed her conviction. We affirm the trial court's order.

On September 23, 1994, Jimenez, using the name Ana Maria Martinez, pleaded guilty to misdemeanor shoplifting theft and was placed on one year's probation. In February 1997, she sought a post-conviction writ of habeas corpus alleging that when she pleaded guilty, she did not know her plea would affect her immigration status. At the writ hearing, Jimenez's counsel said Jimenez was convicted of theft under the name Martinez and that the trial court had not admonished her of the immigration consequences of her guilty plea. Jimenez's counsel also told the court that Jimenez faced a deportation hearing stemming from her theft conviction. Jimenez testified that she was not represented by counsel at the original plea and that she had not been advised of anything, including the immigration consequences of her plea. She said that had she known of the consequences, she would not have pleaded guilty. On cross-examination, she testified that she was not on probation and that she did not appeal her conviction.

The lower court granted the relief requested, allowed her to withdraw her plea, and set aside and dismissed the conviction. The State appeals.

The State argues that the trial court erred because (1) Jimenez's hearing evidence does not overcome the judgment of conviction's waiver of counsel and (2) the law does not require admonitions in misdemeanor pleas.

■ Habeas corpus will lie only to review jurisdictional defects or denials of fundamental or constitutional rights. *Guzman v. State,* 841 S.W.2d 61, 65 (Tex.App.—El Paso 1992, pet. ref'd). In a post-conviction habeas corpus proceeding, the defendant must show by a preponderance of the evidence that he or she is entitled to the requested relief. *Id.* at 67. The defendant in a collateral attack on a conviction must show

that he or she did not waive the right to counsel or did not receive the proper admonishments on a guilty plea. *See Maddox v. State,* 591 S.W.2d 898, 902 (Tex.Crim.App. [Panel Op.] 1979).

 As to the waiver of counsel, a defendant's testimony alone is insufficient to meet the burden of showing lack of waiver in the face of a recitation in court records to the contrary. *See Disheroon v. State,* 687 S.W.2d 332, 334 (Tex.Crim.App.1985); *Maddox,* 591 S.W.2d at 902.

Here, the judgment reflects that Jimenez intelligently, knowingly, and voluntarily waived her right to an attorney. Jimenez's hearing testimony that she did not voluntarily waive counsel is not sufficient to overcome the recitation in the record.

As for the lack of admonitions, however, the original plea record is silent. The State argues merely that case law and statute do not require admonitions in a misdemeanor plea, not that the court record shows that Jimenez received the immigration admonitions. The only evidence before the trial court was Jimenez's testimony that she received no admonitions. The presumption of the court record's regularity does not apply.

A misdemeanor defendant has federal due process rights, U.S. CONST. amend. XIV, and Texas due course of law rights, TEX. CONST. art. I, § 19, to be admonished about the immigration consequences of her guilty plea separate and apart from the admonishments required under Texas statute for felony cases. *Meraz v. State,* 950 S.W.2d 739, 742 (Tex.App.—El Paso 1997, no pet.). In reviewing the trial court's habeas corpus decision, we review the facts in the light most favorable to the ruling and will uphold the ruling absent an abuse of discretion. *State v. Shastid,* 940 S.W.2d 405, 407 (Tex.App.—Fort Worth 1997, n.p.h.); *Ex parte Pipkin,* 935 S.W.2d 213, 215 (Tex.App.—Amarillo 1996, no pet.); *Ex parte Zavala,* 900 S.W.2d 867, 870 (Tex.App.—Corpus Christi 1995, no pet.). Even if the trial court assigns no reason for its decision, or assigns an erroneous reason for its decision, we will sustain the decision so long as the decision is correct on any theory of law applicable to the case. *Shastid,* 940 S.W.2d at 407.

The trial court in its order granting the habeas corpus relief did not give its reasons for granting the relief. The lack of immigration admonitions, however, deprived Jimenez of her due process and due course of law rights. The trial court correctly granted her request for habeas corpus relief. We overrule the State's second point of error.

We affirm the trial court's order.