**The STATE of Texas, Appellant,**

v.

**Patricia JIMENEZ, aka Ana Maria Martinez, Appellee.**

No. 0071–98

Court of Criminal Appeals of Texas, En Banc.

Feb. 17, 1999.

Monty B. Roberson, El Paso, for appellant.

John L. Davis, Asst. Dist. Atty., El Paso, Matthew Paul, State's Atty., Austin, for State.

## OPINION

JOHNSON, J., delivered the opinion of the Court, in which McCORMICK, P.J., and MEYERS, MANSFIELD, KELLER, PRICE, HOLLAND, WOMACK and KEASLER, J.J., joined.

On September 24, 1994, Appellee, who is not a United States citizen, pled guilty to misdemeanor theft in a county court-at-law in El Paso County. She was sentenced to one year in jail and a $500 fine, probated for one year. She successfully completed the term of probation and was discharged. In 1990, the federal statutes which enumerated the offenses for which non-citizens may be deported were amended so as to make Appellee deportable, based on her 1994 conviction as well as a previous conviction.[1] In 1997, Appellee filed an application for writ of habeas corpus, alleging that her guilty plea was involuntary because she had not been admonished that she could be deported as a result of her pleading guilty.[2] After conducting a hearing, the county court-at-law granted re-

---

1. According to Appellee, she is deportable pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), which provides:

 **(a) Classes of deportable aliens**

 Any alien (including an alien crewman) in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens:
 * * * *
 **(2) Criminal Offenses**
 **(A) General Crimes**
 * * * *
 **(ii) Multiple criminal convictions**

 Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable.

 At the habeas hearing, Appellee's counsel told the court that after Appellee completed her probation, "they passed the new immigration law" under which appellee could be deported. However, this appears to have been an inaccurate

statement. The provision of federal law which Appellee cites as making her deportable (and which was formerly 8 U.S.C. § 1251(a)(2)(A)(ii)) was passed in 1990. *See* 8 U.S.C. § 1251 (Supp. II 1988) (amending 8 U.S.C. § 1251 (1988)). Since then, there have been only minor modifications to this portion of the statute, involving terminology. *See* 8 U.S.C.A. § 1227 historical and statutory notes (Supp.1998) (1996, 1994 & 1991 Amendments).

2. Under Texas law, successful completion of probation allows the judge to dismiss some charges without a final conviction. *See* Tex.Code Crim. Proc. art. 42.12 § 20(a). However, under federal law, many such probations are defined as final and may be the basis for deportation proceedings. *See, e.g., Yanez–Popp v. I.N.S.,* 998 F.2d 231 (4th Cir.1993); *see generally* Annotation, *What Constitutes "Convicted" Within Meaning of § 241(a)(4, 11, 14–16, 18) of Immigration and Nationality Act (8 USCS § 1251(a)(4, 11, 14–16, 18)) Providing That Alien Shall Be Deported Who Has Been Convicted of Certain Offenses,* 26 A.L.R. Fed. 709, § 5 (1976 & Supp.1998), and cases cited therein.

lief.[3] The State appealed, and the Court of Appeals affirmed the granting of relief. *State v. Jimenez*, 957 S.W.2d 596 (Tex. App.—El Paso 1997).

We granted the State's petition to determine whether there is a constitutional right to be admonished of the immigration consequences of a misdemeanor guilty plea, and whether such a plea is rendered involuntary by the lack of admonishments about possible immigration consequences when the defendant is not a citizen of the United States.[4]

The Court of Appeals held that the due process and due course of law provisions of the United States and Texas Constitutions require that a misdemeanor defendant be admonished about the immigration consequences of a guilty plea. *State v. Jimenez*, 957 S.W.2d at 598. The only authority cited by the Court of Appeals for this conclusion was a citation to *Meraz v. State*, 950 S.W.2d 739 (Tex.App.—El Paso 1997, no pet.), an opinion by the same Court of Appeals panel, delivered about four months earlier.

In *Meraz*, the Court of Appeals recognized that TEX.CODE CRIM. PROC. art. 26.13 applies only to guilty pleas for felony offenses, but noted that the 1996 amendments to the Immigration and Nationality Act, 8 U.S.C.A. § 1101, authorized deportation after conviction for many offenses classified as misdemeanors under Texas law. *Meraz v. State*, 950 S.W.2d at 741–742. The court concluded that

> [g]iven the collateral consequences that are apt to flow from such pleas of guilty, we think that defendants charged in Texas with Class A misdemeanor offenses have a federal due process, and a Texas due course of law right to be admonished as to the immigration consequences of their pleas of guilty, separate and apart from Article 26.13.

*Id.* at 742. However, relief was denied in *Meraz* because the appellant had not shown that the written admonishments which were given were not adequate to substantially comply with Art. 26.13. *Id.*

 Generally, a guilty plea is considered voluntary if the defendant was made fully aware of the direct consequences.[5] It will not be rendered involuntary by lack of knowledge as to some collateral consequence.[6] That a guilty plea may result in deportation is generally considered a collat-

---

3. Appellee originally filed a writ of *coram nobis* attacking this and another misdemeanor theft conviction. At the evidentiary hearing a third conviction was mentioned by Appellee's counsel. The trial court suggested that the application be refiled as a writ of habeas corpus, which was done. The trial court granted relief as to both convictions which were challenged in the original application, but the order did not refer to the third case. The State filed notice of appeal under only one cause number, so we will address only that single conviction.

4. The precise grounds on which we granted review are as follows:

(1) Does a misdemeanor defendant have a federal constitutional due process right to be admonished of the immigration consequences of a guilty plea?

(2) Does a misdemeanor defendant have a state constitutional due course of law right to be admonished of the immigration consequences of a guilty plea?

(3) If a misdemeanor defendant has either a federal constitutional due process right or a state constitutional due course of law right to be admonished of the immigration consequences of a guilty plea, nevertheless, did the Court of Appeals err in not determining whether the failure to give such admonishment affected Appellee's decision to plead guilty?

5. *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472,, 25 L.Ed.2d 747 (1970).

A consequence has been defined as "direct" where it is "definite, immediate and largely automatic." *United States v. Kikuyama*, 109 F.3d 536, 537 (9 th Cir.1997) (citation and internal quotations omitted); *United States v. Salerno*, 66 F.3d 544, 551 (2 nd Cir.1995) (citation and internal quotations omitted), *cert. denied*, 516 U.S. 1063, 116 S.Ct. 746, 133 L.Ed.2d 694 (1996); *People v. Ford*, 86 N.Y.2d 397, 633 N.Y.S.2d 270, 657 N.E.2d 265, 267 (1995) (citation and internal quotations omitted); *State v. Barton*, 93 Wash.2d 301, 609 P.2d 1353, 1356 (1980) (citation and internal quotations omitted).

6. *See, e.g., Rhodes v. State*, 701 So.2d 388, 388–389 (Fla. Dist.App. 3 rd 1997); *State v. Nguyen*, 81 Hawai'i 279, 916 P.2d 689, 697–698 &. n. 3 (Haw.1996); *People v. Smith*, 35 Ill.App.3d 786, 342 N.E.2d 486, 488 (3 rd Dist.1976); *People v. Latham*, 90 N.Y.2d 795, 666 N.Y.S.2d 557, 689 N.E.2d 527, 528 (1997); *State v. Ross*, 129 Wash.2d 279, 916 P.2d 405, 409 (1996).

A consequence has been defined as "collateral" where "it lies within the discretion of the court whether to impose it," or where "its imposition is controlled by an agency which operates beyond the direct authority of the trial judge." *United States v. Kikuyama*, 109 F.3d at 537 (cita-

eral consequence.[7] The Legislature chose to require by statute that trial courts admonish persons pleading guilty to a felony after June 13, 1985, that their plea might result in deportation. *See* Tex.Code Crim. Proc. art. 26.13(a)(4). However, the Legislature chose not to require admonishments for persons charged with misdemeanors, and this Court has never held that such an admonishment is constitutionally required. In view of the recent changes in immigration law, the better practice may be to admonish all defendants as to possible immigration consequences,[8] but we cannot say that such admonition is constitutionally required. *Cf. Carranza v. State,* 980 S.W.2d 653, 656 (Tex.Crim.App.1998) (failure of trial court to admonish defendant pleading guilty to a felony of his deportation status, as required by statute, was non-constitutional error). Therefore, we sustain the State's first and second grounds for review.[9]

The judgment of the Court of Appeals is reversed, and the trial court's order granting relief is vacated.

tion and internal quotations omitted); *Beagen v. State,* 705 A.2d 173, 175 (R.I.1998) (citations and internal quotations omitted); *see also Fruchtman v. Kenton,* 531 F.2d 946, 949 (9 th Cir.1976), *cert. denied,* 429 U.S. 895, 97 S.Ct. 256, 50 L.Ed.2d 178 (1976).

7. *See, e.g., United States v. Campbell,* 778 F.2d 764, 767 (11 th Cir.1985); *Nunez Cordero v. United States,* 533 F.2d 723, 726 (1 st Cir.1976); *State v. Nguyen,* 916 P.2d at 698; *People v. Ford,* 633 N.Y.S.2d 270, 657 N.E.2d at 268. Deportation is considered a collateral consequence because "it is a result peculiar to the individual's personal circumstances and one not within the control of the court system." *People v. Ford,* 633 N.Y.S.2d 270, 657 N.E.2d at 268; *State v. Nguyen,* 916 P.2d at 698 (quoting *People v. Ford* ).

8. *See Meraz v. State,* 950 S.W.2d at 740 (noting that "most judges follow the commendable practice of admonishing defendants in misdemeanor cases").

9. In light of our disposition of the State's first and second grounds for review, it is unnecessary to decide the State's third ground for review. Therefore, that ground is dismissed as improvidently granted. *See* Tex.R.App. P. 69.3.