In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-250 CR


 ______________________


 

JIMMY LECURDELL TURNER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 06-03-02607 CR






MEMORANDUM OPINION


 Jimmy Lecurdell Turner pled guilty to manslaughter. A jury assessed his punishment
at twenty years of imprisonment in the Institutional Division of the Texas Department of
Criminal Justice. Turner contends his guilty plea was involuntary because he believed that
a guilty plea would protect him from possible prosecution for an aggravated robbery charge. 
Finding no reversible error, we affirm the trial court's judgment.

 The trial court issued oral plea admonishments and Turner signed written plea
admonishments, stipulated to the evidence, admitted guilt, and acknowledged that he
understood the written admonishments. After accepting the guilty plea, the trial court
proceeded with the punishment phase of trial. At the conclusion of the punishment phase
testimony, and before closing statements, the trial court again questioned Turner regarding
the voluntariness of his plea. Turner indicated that he understood that he could still be
indicted for aggravated robbery. He explained his belief that if he pled guilty to
manslaughter, the State would not pursue any other charge, and any possible charge would
"go away." He further indicated that he pled guilty because he was guilty of committing the
offense, but he thought "all of [his] legal problems [would be] wrapped up in one[.]" 

 Trial counsel then moved to withdraw Turner's guilty plea. The trial court denied the
motion, explaining as follows: 

 It's clear to the Court that the plea was made openly and voluntarily,
and he was further admonished as to the consequences of his plea in this
charge. Now, the fact that the other allegation is out there, unindicted should
not have any bearing on this case or on this Court's decision because it's an
unidentified accusation, and until the State moves forward on that, then and
only then would this plea become in question as to its significance and its
voluntariness. The Motion is denied. 


 A guilty plea is generally considered voluntary if the defendant was made fully aware
of the direct consequences of his plea. State v. Jimenez, 987 S.W.2d 886, 888 (Tex. Crim.
App. 1999). A direct consequence is one that is a "definite and largely or completely
automatic" consequence of the defendant's plea. See Mitschke v. State, 129 S.W.3d 130, 135
(Tex. Crim. App. 2004). When the record shows that the defendant received a proper
admonishment on punishment, there is a prima facie showing that the plea was knowing and
voluntary. See Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). The burden
then shifts to the defendant to show that he entered his plea without understanding the
consequences and that he suffered harm. Id.

 A guilty plea will not be rendered involuntary due to a lack of knowledge as to a
collateral consequence. Jimenez, 987 S.W.2d at 888. Generally, a defendant's lack of
knowledge of a potential consequence a guilty plea may have on a separate, possible future
proceeding would not render a plea involuntary. See generally Jackson v. State, 139 S.W.3d
7, 17 (Tex. App.--Fort Worth 2004, pet. ref'd) (rejecting claim plea was invalid because trial
court did not admonish defendant on consequence of guilty plea on pending cases, where
record did not show court knew of pending cases).

 Turner has failed to show that he was unaware of the direct consequences of his plea. 
Turner received oral plea admonishments and signed written plea admonishments that
indicated that he understood the admonitions and was aware of the consequences of his plea. 
Although he subsequently indicated that he believed any possible charge would "go away"
once he pled guilty, he told the trial court he pled guilty because he was guilty of the charged
offense. The possibility that Turner may be indicted for aggravated robbery is not a definite
and largely or completely automatic consequence of his guilty plea to manslaughter. Turner
has failed to sustain his burden to demonstrate that his plea was involuntary. We overrule
Turner's issue and affirm the trial court's judgment.

 AFFIRMED.


 _________________________________

 DAVID GAULTNEY

 Justice 

Submitted on March 20, 2007 

Opinion Delivered July 11, 2007 

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.