

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-361-CR

DEMETRIA ANNETTE BROWN                    APPELLANT

V.

THE STATE OF TEXAS                              STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Upon her open plea of guilty, the trial court convicted Appellant Demetria Annette Brown of forgery and sentenced her to twenty-two months' confinement in a state jail facility. In her sole point, Appellant contends that the trial court erred by failing to admonish her on the proper range of punishment, rendering her guilty plea involuntary. Because the trial court

---

[1] *See* Tex. R. App. P. 47.4.

properly admonished Appellant in writing before she entered her plea, we affirm the trial court's judgment.

Appellant pled guilty to the charge of forgery and signed written plea admonishments on August 1, 2007. The written plea admonishments indicate that her plea was an open plea. The document further states that Appellant was charged with forgery by possession and that this offense is a state jail felony with a punishment range of "[a] term of not less than 180 days or more than 2 years in a state jail; and in addition, a fine not to exceed $10,000 may also be assessed." Appellant, each party's attorney, and the trial court all signed the written plea admonishments.

At the sentencing hearing held on September 21, 2007, defense counsel pointed out the correct sentencing range while questioning Appellant's mother. The trial court pronounced Appellant's sentence at twenty-two months' confinement in state jail and then stated that it "could set [Appellant's] sentence anywhere from probation to ten years in the state jail facility." The trial court's statement was a misstatement of the range of punishment.[2] The trial court also told Appellant that she had a limited right of appeal. Appellant signed the trial court's original certification of her right to appeal, which

---

[2] *See* Tex. Penal Code Ann. § 12.35(a), (b) (Vernon 2003) (providing range of punishment for state jail felonies is 180 days to 2 years' confinement and up to a $10,000 fine).

2

incorrectly states that this is a plea-bargained case and she had no right of appeal. This court subsequently ordered the trial court to file an amended certification of Appellant's right of appeal, and the amended certification providing that this is not a plea-bargain case and that she does have the right of appeal appears in the record.[3]

A guilty plea is generally considered voluntary if the defendant was made fully aware of the direct consequences of the plea.[4] Article 26.13(a) of the code of criminal procedure requires that the trial court admonish the defendant as to the consequences of her guilty plea, including the punishment range.[5] When the record shows that the defendant received a proper admonishment on punishment, there is a prima facie showing that the plea was entered knowingly and voluntarily.[6]

The written plea admonishments reveal that the trial court properly admonished Appellant that the offense of forgery by possession is a state jail felony carrying a range of punishment of not less than 180 days nor more than

---

[3] *See* Tex. R. App. P. 25.2(d).

[4] *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999).

[5] Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp. 2008).

[6] *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).

two years' confinement in state jail and that in addition a fine not to exceed $10,000 might also be assessed.[7]

After Appellant entered her guilty plea, and at a subsequent hearing on punishment, the trial judge stated, "You have a very limited right of appeal in this case because you entered an open plea to this Court understanding that I could set your sentence anywhere from probation to ten years in the state jail facility." This misstatement was made after the plea was entered and accepted and after punishment was assessed at twenty-two months' confinement in the state jail facility, well within the proper range of punishment.

Because Appellant was properly admonished regarding the range of punishment before she entered her plea and because the trial court did not make the misstatement until after it had accepted her plea, we hold that the misstatement of the range of punishment did not induce her guilty plea. We therefore hold that Appellant's guilty plea was voluntary, overrule her sole point, and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

_____

[7] *See* Tex. Penal Code Ann. § 12.35(a), (b).

4

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 26, 2008

5