COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-07-361-CR

 

 

DEMETRIA ANNETTE BROWN                                                APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

             FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------








Upon her open plea of guilty, the trial court
convicted Appellant Demetria Annette Brown of forgery and sentenced her to
twenty-two months= confinement in a state jail
facility.  In her sole point, Appellant
contends that the trial court erred by failing to admonish her on the proper
range of punishment, rendering her guilty plea involuntary.  Because the trial court properly admonished
Appellant in writing before she entered her plea, we affirm the trial court=s
judgment.

Appellant pled guilty to the charge of forgery
and signed written plea admonishments on August 1, 2007.  The written plea admonishments indicate that
her plea was an open plea.  The document
further states that Appellant was charged with forgery by possession and that
this offense is a state jail felony with a punishment range of A[a] term
of not less than 180 days or more than 2 years in a state jail; and in
addition, a fine not to exceed $10,000 may also be assessed.@  Appellant, each party=s
attorney, and the trial court all signed the written plea admonishments.  








At the sentencing hearing held on September 21,
2007, defense counsel pointed out the correct sentencing range while
questioning Appellant=s mother.  The trial court pronounced Appellant=s
sentence at twenty-two months=
confinement in state jail and then stated that it Acould
set [Appellant=s] sentence anywhere from
probation to ten years in the state jail facility.@  The trial court=s
statement was a misstatement of the range of punishment.[2]  The trial court also told Appellant that she
had a limited right of appeal.  Appellant
signed the trial court=s original certification of her
right to appeal, which incorrectly states that this is a plea-bargained case
and she had no right of appeal.  This
court subsequently ordered the trial court to file an amended certification of
Appellant=s right of appeal, and the
amended certification providing that this is not a plea-bargain case and that
she does have the right of appeal appears in the record.[3]

A guilty plea is generally considered voluntary
if the defendant was made fully aware of the direct consequences of the plea.[4]  Article 26.13(a) of the code of criminal
procedure requires that the trial court admonish the defendant as to the
consequences of her guilty plea, including the punishment range.[5]
When the record shows that the defendant received a proper admonishment on
punishment, there is a prima facie showing that the plea was entered knowingly
and voluntarily.[6]









The written plea admonishments reveal that the
trial court properly admonished Appellant that the offense of forgery by
possession is a state jail felony carrying a range of punishment of not less
than 180 days nor more than two years=
confinement in state jail and that in addition a fine not to exceed $10,000
might also be assessed.[7]

After Appellant entered her guilty plea, and at a
subsequent hearing on punishment, the trial judge stated, AYou have
a very limited right of appeal in this case because you entered an open plea to
this Court understanding that I could set your sentence anywhere from probation
to ten years in the state jail facility.@  This misstatement was made after the plea was
entered and accepted and after punishment was assessed at twenty-two months=
confinement in the state jail facility, well within the proper range of
punishment.

Because Appellant was properly admonished
regarding the range of punishment before she entered her plea and because the
trial court did not make the misstatement until after it had accepted her plea,
we hold that the misstatement of the range of punishment did not induce her
guilty plea.  We therefore hold that Appellant=s guilty
plea was voluntary, overrule her sole point, and affirm the trial court=s
judgment.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.








DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: November 26,
2008











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 12.35(a), (b)
(Vernon 2003) (providing range of punishment for state jail felonies is 180
days to 2 years= confinement and up to a
$10,000 fine).





[3]See Tex. R. App. P. 25.2(d).





[4]State v. Jimenez, 987 S.W.2d 886, 888
(Tex. Crim. App. 1999).





[5]Tex. Code Crim. Proc.
Ann. art. 26.13(a)(1) (Vernon Supp. 2008).





[6]Martinez v. State, 981 S.W.2d 195, 197
(Tex. Crim. App. 1998).





[7]See Tex. Penal Code Ann. ' 12.35(a), (b).