# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00463-CR

**Ex parte Alfonso O. Quintero**

### FROM COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY
### NO. 64,186, HONORABLE LINDA ANN RODRIGUEZ, JUDGE PRESIDING

## M E M O R A N D U M  O P I N I O N

Alfonso Quintero was convicted of assault with an affirmative finding of family violence. *See* Tex. Penal Code Ann. § 22.01 (West Supp. 2008); Tex. Code Crim. Proc. Ann. art. 42.013 (West 2006). Quintero subsequently filed an application for writ of habeas corpus, arguing that his plea of nolo contendere pertained only to the charge of assault and did not include the finding of family violence. The trial court granted relief, entering a nunc pro tunc judgment of conviction that omitted the family-violence finding. In a single issue on appeal, the State argues that the trial court abused its discretion in granting Quintero's application for writ of habeas corpus. We affirm the trial court's order.

### BACKGROUND

The initial information and complaint filed against Quintero charged him with assault by intentionally, knowingly, or recklessly causing bodily injury to a member of his family or household. Both the information and complaint bore the heading, "OFFENSE - ASSAULT -

BODILY INJURY - FAMILY VIOLENCE." Quintero waived his right to counsel and pleaded nolo contendere. In entering his plea, Quintero signed written admonishments stating:

> I understand that I have been charged with the offense of **Assault - Bodily Injury;** . . . . I further enter this my plea of NO CONTEST to the offense of **Assault - Bodily Injury;** and pray the Court to proceed immediately on the filing hereof by arraigning me, accepting my plea and waiver of trial by jury, and entering judgment thereon.

(Emphases in original.)

The trial court accepted Quintero's plea and issued a judgment of conviction for the offense of "Assault - Bodily Injury/Family Violence," which included an express statement that Quintero had pleaded nolo contendere to the charge of "Assault - Bodily Injury/Family Violence as alleged in the information." Quintero subsequently filed an application for writ of habeas corpus, arguing that his plea was only voluntary to the extent it related to the charge of "Assault - Bodily Injury" and that he would not have entered a plea of nolo contendere if he had known that he was pleading to a family-violence finding as well. The trial court granted relief in Quintero's favor and issued a nunc pro tunc judgment of conviction, finding that Quintero's plea was involuntary as to the charge of "Assault - Bodily Injury/Family Violence," but voluntary as to the charge of "Assault - Bodily Injury," and finding him guilty of the offense of "Assault - Bodily Injury."

The State now appeals, arguing in a single issue that the trial court erred in finding that Quintero's plea was involuntary and reforming the judgment accordingly.

## STANDARD OF REVIEW

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling and uphold that ruling absent an abuse

2

of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). We afford almost total deference to the trial court's determination of the historical facts that are supported by the record. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). We afford the same amount of deference to the trial court's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007). If the resolution of the ultimate questions turns on an application of legal standards, we review the determination de novo. *Id.*

## DISCUSSION

The State argues that because a trial court is not required to admonish a defendant in a misdemeanor case, the fact that Quintero was not admonished regarding the consequences of the family-violence finding on his misdemeanor assault charge does not render his plea involuntary. *See Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003) (holding that article 26.13 of code of criminal procedure, which requires trial courts to give certain admonishments before accepting plea of guilty or nolo contendere, applies only to felony prosecutions); *see also* Tex. Code Crim. Proc. art. 26.13 (West Supp. 2008). The State further contends that Quintero's plea was not rendered involuntary by the fact that he was not aware of the collateral consequences of his plea.[1]

---

[1] In his application for writ of habeas corpus, Quintero stated that he was suffering from a collateral consequence of the family-violence finding because his conviction was being alleged for enhancement purposes in another prosecution, based on a separate incident, for assault involving family violence. *See* Tex. Penal Code Ann. § 22.01(b)(2) (West Supp. 2008) (assault involving family violence is enhanced from Class A misdemeanor to third-degree felony if defendant has previously been convicted of assault involving family violence).

3

*See State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999) (holding that plea "will not be rendered involuntary by lack of knowledge as to some collateral consequence").

We agree with the State's contention that this case cannot be disposed of based solely on a failure to admonish or to warn Quintero of collateral consequences. *See Gutierrez*, 108 S.W.3d at 309; *Jimenez*, 987 S.W.2d at 888. However, Quintero does not argue that he was merely unaware of the direct or collateral consequences of the family-violence finding, but instead asserts that he was unaware he was pleading to a family-violence finding at all. Quintero's decision to waive his rights and plead nolo contendere must be sufficiently knowing and voluntary to meet the standard of due process. *See McGuire v. State*, 617 S.W.2d 259, 261 (Tex. Crim. App. 1981). If a defendant receives misinformation concerning a matter about which he is not constitutionally or statutory entitled to be informed, his plea may still be rendered involuntary if the defendant shows that the plea was induced by the misinformation. *Brown v. State*, 943 S.W.2d 35, 42 (Tex. Crim. App. 1997); *see also Shepherd v. State*, 673 S.W.2d 263, 266 (Tex. App.—Houston [1st Dist.] 1984, no pet.) ("[A] plea of guilty or nolo contendere will not support a conviction when that plea is motivated by significant misinformation conveyed by the court or one of its officers."). Furthermore, a defendant's plea cannot be considered voluntary in the absence of "adequate notice of the nature of the charge against him, or proof that he in fact understood the charge." *Henderson v. Morgan*, 426 U.S. 635, 645 n.13 (1976).

At the hearing on the application for writ of habeas corpus, the trial court heard Quintero's testimony that at the time he entered his plea, he was not represented by counsel, had not read the judgment, and was unaware that he was pleading to an offense involving family violence.

4

Quintero further testified that he would not have entered his plea of nolo contendere if he had been aware of the family-violence finding. The trial court was also presented with evidence that while the complaint, information, and judgment of conviction referred to the offense of "Assault - Bodily Injury/Family Violence," the written admonishments signed by Quintero specifically state that he was pleading nolo contendere to the offense of "Assault - Bodily Injury."[2]

The record clearly reflects that the written admonishments contained misinformation regarding the nature of the charged offense. The questions of whether Quintero was actually misled by the written admonishments or whether such misinformation induced him to plead nolo contendere turn on the credibility of his testimony to that effect. In a habeas corpus proceeding, we are required to afford almost total deference to the trial court's factual findings, especially those based on credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d at 367. We also defer to the trial court's implied factual findings that are supported by the record. *Ex parte Wheeler*, 203 S.W.3d at 325-26. The trial court's conclusion that Quintero's plea was involuntary suggests that the trial court found Quintero's testimony—that he was unaware of the family-violence finding and would not have pleaded nolo contendere had he been aware of it—to be credible. In light of the applicable standard of review, we cannot conclude that the trial court abused its discretion in finding that Quintero's plea to the offense of "Assault - Bodily Injury/Family Violence" was involuntary. As a result, we affirm the trial court's order.

---

[2] While Quintero's thumb print and signature also appear on the judgment of conviction, he testified at the hearing that he did not read the judgment or have it read to him before signing it.

_____

Diane M. Henson, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   January 8, 2009

Do Not Publish