

NUMBER 13-10-00577-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE CARLOS EDUARDO VALLEJO

**On appeal from the 357th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Rodriguez**

Appellant Carlos Eduardo Vallejo challenges the trial court's denial of his application for writ of habeas corpus. By one issue, Vallejo argues that the trial court erred in denying his application without a hearing. We affirm.

## I. Background

In 1998, Vallejo pleaded no contest to a marihuana possession charge. The trial court deferred adjudication and placed Vallejo on community supervision for a term of five years. In connection with his plea, Vallejo signed a written waiver of certain rights and

stipulation of testimony, which included the following admonishment: "IF APPLICABLE: IF NOT A CITIZEN OF THE UNITED STATES OF AMERICA I UNDERSTAND THAT A PLEA OF GUILTY OR NOLO CONTENDERE FOR THE OFFENSE CHARGED MAY RESULT IN DEPORTATION, THE EXCLUSION FROM ADMISSION TO THIS COUNTRY, OR THE DENIAL OF NATURALIZATION UNDER FEDERAL LAW." In the written waiver, Vallejo also attested that he attended school through the twelfth grade and could read, write, and understand the English language. Vallejo's attorney certified in writing that he had explained the written waiver and stipulation form to Vallejo and that Vallejo understood the written waiver form and had signed it voluntarily and knowingly.

On March 11, 2010, Vallejo filed an application for writ of habeas corpus under article 11.072 of the code of criminal procedure, alleging that his plea to the possession charge was not voluntary, intelligent, or knowing because he did not understand the possible immigration consequences of his plea.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2(b) (West 2005). An evidentiary hearing was requested on the application but the trial court did not hold one.

The trial court denied Vallejo's application on September 14, 2010. In connection with its denial, the trial court filed findings of fact and conclusions of law. In its findings of fact, the trial court found that Vallejo "was admonished in writing of his rights under the federal and state constitutions, and pursuant to Texas Code of Criminal Procedure [article] 26.13." *See id.* art. 26.13(a)(4) (West Supp. 2010) (requiring, among other

---

[1] Vallejo also alleged as grounds for his application that his plea was not intelligent, knowing, or voluntary because (1) he did not understand his waiver of his right to a jury trial and to confront and produce witnesses, and (2) he did not understand the full range of punishment. Vallejo urges neither of these grounds on appeal.

2

things, that the defendant be informed that "a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law"). In its conclusions of law, the trial court concluded that Vallejo had not "presented sufficient facts to overcome the heavy burden necessary to challenge the prima facie showing of a knowing, intelligent and voluntary plea of no contest." The trial court further concluded that Vallejo's plea "was knowing and voluntary" and that he was "not entitled to relief." This appeal followed.

## II. Standard of Review and Applicable Law

The burden is on the habeas corpus applicant to allege and prove facts which, if true, entitle him to relief. *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985). Once alleged, the burden to prove those facts is heavy. *Id.* Where there is proof contrary to the applicant's claims, his sworn allegations alone are not sufficient to prove his claims. *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988); *see Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("The defendant's uncorroborated testimony that he was misinformed by counsel is not sufficient to show that his plea was involuntary.") (citation omitted).

In reviewing a trial court's decision on a habeas corpus application, we review the facts in the light most favorable to the trial court's ruling, and absent an abuse of discretion, we uphold the ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). We afford almost total deference to the trial court's determination of historical facts supported by the record, especially when the facts require an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). If the resolution of the ultimate question turns on an application of legal

3

standards, we review the determination de novo. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007).

When reviewing a guilty plea or, as in this case, a no contest plea, the plea is voluntary if the defendant was made fully aware of the consequences. *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999). Specifically, where the record shows that the applicant was admonished in writing as to his rights and the consequences of his plea, a prima facie showing of "knowing and voluntary" is made. *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). The burden then shifts to the applicant to prove that he made the plea without understanding its consequences. *Id.* The burden of rebutting the prima facie case made by written and signed admonishments is, again, a heavy one. *See Arreola*, 207 S.W.3d at 391 ("An accused who attests when he enters his plea of guilty that he understands the nature of his plea and that it is voluntary has a heavy burden on appeal to show that his plea was involuntary.").

## III. Discussion

By one issue, Vallejo argues that the trial court erred in denying his application for writ of habeas corpus without a hearing. Because he claimed in his application that he did not understand the immigration consequences of his plea, Vallejo argues that he alleged facts which, if true, entitled him to relief, i.e., that his plea was not knowing, intelligent, and voluntary. Citing *Ex parte McAndrew*, Vallejo argues that the trial court erred in not holding a hearing at which Vallejo would have had the opportunity to develop evidence supporting his allegations. *See* No. 12-06-00179-CR, 2006 WL 3086183, at *2 (Tex. App.—Tyler Nov. 1, 2006, no pet.) (mem. op., not designated for publication).

4

In *Ex parte McAndrew*, the Tyler Court of Appeals determined that the trial court erred in refusing to hold an evidentiary hearing on appellant's application for writ of habeas corpus based on claims of ineffective assistance of counsel. *Id.* The Tyler Court reasoned that, in appellant's application, in particular, it was an abuse of discretion to deny appellant's request for a hearing which would have developed the testimony of appellant's trial counsel as to his decision-making and actions at trial. *Id.* The holding in *Ex parte McAndrew* was fact-specific, and the facts of this case are distinguishable.

Here, in a sworn allegation attached to his application, Vallejo stated that he was not admonished as to the consequences of his plea and did not understand the possible immigration consequences of his plea. The State does not dispute that Vallejo was never orally admonished by the trial court about the immigration consequences of his plea. But at the time of his plea, Vallejo signed written admonishments warning of the possible consequences of his plea to his immigration status. Thus, the record before the trial court at the time of Vallejo's application established a prima facie case that Vallejo's no-contest plea was knowing, voluntary, and intelligent. *See Martinez*, 981 S.W.2d at 197. The record before the trial court further established that: Vallejo had completed the twelfth grade; could read, write, and understand the English language; and Vallejo's trial counsel had certified in writing that he explained the written waiver and stipulation form to Vallejo and that Vallejo understood the written waiver form and had signed it voluntarily and knowingly.

Nothing in code of criminal procedure article 11.072 requires the trial court to conduct an evidentiary hearing on an application filed under that provision. *See Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.); *see also* TEX.

5

CODE CRIM. PROC. ANN. art. 11.072, § 6(b) (West 2005) ("In making its determination, the court *may* order affidavits, depositions, interrogatories, or a hearing . . . ." (emphasis added)). Whether to hold a hearing is typically a matter committed to the sound discretion of the trial court, and we cannot conclude that the trial court abused its discretion in denying Vallejo's request for a hearing in this case. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6(b); *see also Ex parte Luciw*, No. 03-08-00445-CR, 2009 WL 5150018, at *4 (Tex. App.—Austin Dec. 31, 2009, no pet.) (mem. op., not designated for publication) (holding that the trial court has "wide latitude" in choosing "appropriate procedures for deciding a habeas application"); *Ex parte Faulkner*, No. 09-05-00478-CR, 2006 WL 3094339, at *3 (Tex. App.—Beaumont Nov. 1, 2006, pet. ref'd) (mem. op., not designated for publication) ("[T]he decision by the trial court to conduct a hearing on a defendant's application is entirely discretionary.") (citations omitted). First, it was reasonable in this case for the trial court to conclude that Vallejo's sworn assertions attached to his application—which included no facts or explanation about his misunderstanding of his plea—were not sufficient to meet his heavy burden of rebutting the prima facie case created by the written admonishments, signed by Vallejo, specifically warning him of the immigration consequences of his plea. *See Arreola*, 207 S.W.3d at 391; *see also Ex parte Empey*, 757 S.W.2d at 775. Second, in addition to the signed, written admonishment regarding the immigration consequences of his plea, there was further evidence in the record of the voluntariness of Vallejo's plea, namely his level of education, understanding of the English language, and the certification of trial counsel that Vallejo understood all the consequences of his plea. In short, the trial court's determination was based on conflicting evidence: on the one hand, Vallejo's signature

6

on written admonishments at the time of his plea and further evidence that he understood the consequences of his plea; and on the other hand, Vallejo's sworn allegations in his application for writ of habeas corpus, which contradicted his earlier verification of knowingness, intelligence, and voluntariness. We will not disturb the determination of the trial court as it was within the court's province to resolve conflicting facts. *See Ex parte Amezquita*, 223 S.W.3d at 367.

In sum, Vallejo did not allege and prove facts that entitled him to relief on his application. Rather, the record shows that he was fully aware of the consequences of his plea. Based on the record before it, the trial court did not abuse its discretion when it determined that no hearing was necessary. Thus, the trial court did not err in denying Vallejo's application for writ of habeas corpus without a hearing. Vallejo's appellate issue is overruled.

## IV. Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 12th
day of January, 2012.

7