**Affirmed and Memorandum Opinion filed October 10, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00008-CR

## EX PARTE ISIDRO RUIZ

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 789378-A**

## M E M O R A N D U M   O P I N I O N

Appellant Isidro Ruiz appeals from the trial court's order denying his application for writ of habeas corpus alleging ineffective assistance of counsel in advising about the immigration consequences of a "guilty" plea. Under the law applicable to the case under review, immigration consequences are considered collateral to a "guilty" plea. Accordingly, we affirm.

### BACKGROUND

Appellant is a legal permanent resident of the United States. In 1998,

appellant pleaded "guilty" to possession of cocaine and, pursuant to a plea bargain agreement with the State, was assessed a four-year probated sentence. Appellant successfully completed his probation, which was terminated on October 8, 2002. On February 28, 2011, the Department of Homeland Security initiated removal proceedings based on appellant's conviction. On November 23, 2011, appellant filed an application for writ of habeas corpus in the trial court alleging that his attorney did not properly advise him that his plea of guilty would result in almost certain deportation. *See* Tex. Code Crim. Proc. art. 11.072. The trial court denied appellant's application, and appellant appeals.

The trial court held a hearing on appellant's application at which appellant's trial counsel, Edna Garcia, testified. Garcia testified that it was her practice to always tell a client that he would be deported as a result of his "guilty" plea, but Garcia could not be "100 percent" certain that she told appellant that he would be deported. In her affidavit, Garcia stated she advised appellant to consult with an immigration attorney before entering a "guilty" plea. She further stated that she told appellant that because of his "guilty" plea the immigration authorities would not renew his residency. She also told him he could be picked up and deported any month when he reported to probation.

In denying appellant's application for writ of habeas corpus, the trial court found that Garcia's immigration advice to appellant was reasonable under prevailing professional norms at the time of appellant's plea, and that appellant failed to prove by a preponderance of the evidence that the representation by Garcia was deficient or fell below an objective standard of reasonableness. *See* *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

### STANDARD OF REVIEW

An applicant seeking post-conviction habeas corpus relief bears the burden

of establishing his claims by a preponderance of the evidence. *Ex Parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). An appellate court reviewing a trial court's ruling on a habeas application must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).

## ANALYSIS

In a single issue, appellant argues the trial court erred in denying relief because his "guilty" plea was illegally obtained under the Sixth Amendment to the United States Constitution. Appellant relies on *Padilla v. Kentucky,* 559 U.S. 356 (2010), a case in which the Supreme Court of the United States held that counsel "must inform her client whether his plea carries a risk of deportation." *Id*. at 374. The Supreme Court recently held, however, that the rule announced in *Padilla* does not have a retroactive effect; thus, defendants convicted prior to the high court's decision in *Padilla* cannot benefit from its holding. *Chaidez v. United States*, —— U.S. ——, ——, 133 S.Ct. 1103, 1113, 185 L.Ed.2d 149 (2013). In addition, the Court of Criminal Appeals of Texas has held that the rule announced in *Padilla* does not apply retroactively under the Texas Constitution. *Ex Parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013).

Appellant argues that despite the Supreme Court's holding in *Chaidez*, his counsel rendered ineffective assistance because she "told [appellant] that he *could* be picked up and deported any month when he reported to probation." Appellant argues that because his attorney did not advise him of the certainty of his deportation, his plea was involuntary.

Appellant's probation was successfully completed in 2002, eight years before the 2010 *Padilla* holding. Because *Padilla* does not apply retroactively,

3

appellant cannot benefit from its holding. Accordingly, pre-*Padilla* law applies to his habeas writ alleging ineffective assistance of counsel.

Under pre-*Padilla* law, ineffective assistance of counsel in a criminal prosecution does not extend to collateral aspects like immigration consequences. *Ex Parte Luna*, 401 S.W.3d 329, 334 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Immigration consequences of a "guilty" plea are considered collateral; therefore, appellant's plea would not be rendered involuntary under the United States or Texas Constitutions even if his attorney had been deficient in informing him of the consequences. *See State v. Jimenez*, 987 S.W.2d 886, 888–89 (Tex. Crim. App. 1999). We overrule appellant's single issue and hold the trial court did not abuse its discretion in denying appellant's habeas application.

The judgment of the trial court is affirmed.

/s/    Kem Thompson Frost
       Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).

4