ACCEPTED
03-15-00478-CR
6943762
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/16/2015 9:00:41 AM
JEFFREY D. KYLE
CLERK

No. 03-15-00478-CR & 03-15-00479-CR

# IN THE COURT OF APPEALS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/16/2015 9:00:41 AM
JEFFREY D. KYLE
Clerk

# FOR THE THIRD SUPREME JUDICIAL DISTRICT

# OF TEXAS

————————————

DAVID WAYNE STOKES, Appellant

VS.

THE STATE OF TEXAS, Appellee

————————————

From the 264th District Court of
Bell County, Texas,
the Honorable Judge Martha J. Trudo, presiding

## BRIEF PURSUANT TO ANDERS v. CALIFORNIA SUPPORTING COUNSEL'S CONCLUSION THAT THE RECORD CONTAINS NO REVERSIBLE ERROR

Ken Mahaffey
Counsel for Appellant
P. O. Box 684585
Austin, Texas 78768
(512) 444-6557
St. Bar No. 12830050
*Ken__Mahaffey@yahoo.com*

# TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I

IDENTITY OF JUDGE, PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

STATEMENT OF THE CASE AND SUMMARY OF ARGUMENT. . . . . . . . . . 1

DISCUSSION OF RULES GOVERNING FRIVOLOUS APPEALS. . . . . . . . . . 2

LEGAL ISSUE EXAMINED NUMBER ONE. . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Did the indictment vest the trial court with jurisdiction by properly charging appellant with an offense?**

LEGAL ISSUE EXAMINED NUMBER TWO. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**Did the trial court comply with Art. 26.13, Tex. Code Crim. Proc. (2015) requiring admonitions before accepting the guilty plea?**

LEGAL ISSUE EXAMINED NUMBER THREE. . . . . . . . . . . . . . . . . . . . . . . . . 10

**Was the Evidence Legally Sufficient to Support the Conviction?**

LEGAL ISSUE EXAMINED NUMBER FOUR. . . . . . . . . . . . . . . . . . . . . . . . . 11

**Was the Sentence Imposed Within the Proper Range of Punishment?**

i

LEGAL ISSUE EXAMINED NUMBER FIVE. . . . . . . . . . . . . . . . . . . . . . . . . 14

**Did the Trial Court Abuse its Discretion in Sentencing?**

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF SERVICE AND WORD COUNT COMPLIANCE . . . . . . . 15

## IDENTITY OF JUDGE, PARTIES AND COUNSEL

The following is a list of all parties to the trial court's final judgment and their counsel in the trial court:

| | | |
|---|---|---|
| 1. Trial Judge | | Martha J. Trudo<br>264th District Court<br>P.O. Box 324<br>Belton, Texas  76513 |
| 2. Appellant: | | David Wayne Stokes<br>Bell County Jail<br>113 West Central Ave<br>Belton, Texas 76513 |
| 3. Defense Counsel: | | Bradford Glendening<br>Attorney at Law<br>100 W. Central Express Way Ste. 309<br>Harker Heights TX 76584 |
| 4. The State of Texas: | | Bob D. Odom<br>Bell Co. D. A.'s Office<br>P.O. Box 540<br>Belton, Texas  76513 |

**Cases**:

**State Cases**:

*Brinson v. State*, 570 S.W.2d 937 (Tex. Crim. App. 1978). . . . . . . . . . . . . 11

*Brinson v. State*, 570 S.W.2d 937 (Tex. Crim. App. 1978). . . . . . . . . . . . . 11

*Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997). . . . . . . . . . . . . . . 6, 9

*Calton v. State*, 176 S.W.3d 231 (Tex. Crim. App. 2005). . . . . . . . . . . . . . 12

*Dale v. State*, 170 S.W.3d 797 (Tex. App. – Fort Worth 2005, no pet.). . . 14

*Davison v. State*, 405 S.W.3d 682 (Tex. Crim. App. 2013). . . . . . . . . . . . . 10

*Duron v. State*, 551 S.W.2d 547 (Tex. Crim. App. 1997). . . . . . . . . . . . . 4, 5

*Ford v. State*, 334 S.W.3d 230 (Tex. Crim. App. 2011). . . . . . . . . . . . . . . 12

*High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). . . . . . . . . . . . . . . . 3

*Hill v. State*, 493 S.W.2d 847 (Tex. Crim. App. 1973). . . . . . . . . . . . . . . . 14

*Jackson v. State*, 680 S.W.2d 809 (Tex. Crim. App. 1984). . . . . . . . . . . . . 14

*Johnson v. State*, 885 S.W.2d 641 (Tex. App. - Waco 1994, no pet.). . . . 2, 3

*Martinez v. State*, 981 S.W.2d 195 (Tex. Crim. App. 1998). . . . . . . . . . . . . 7

*Mendez v. State*, 138 S.W.3d 334 (Tex. Crim. App. 2004). . . . . . . . . . . . . . 5

*Mitschke v. State*, 129 S.W.3d 130 (Tex. Crim. App. 2004). . . . . . . . . . . . 10

*Pender v. State*, 02-13-00400-CR (Tex. App. -
   Fort Worth May 8, 2014, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Phynes v. State*, 828 S.W.2d 1 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . 2

*Schoor v. State*, 279 S.W.3d 844  (Tex. App. - Amarillo 2009, pet. ref'd). . 6

*Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). . . . . . . . . . . . . 2

*Stahle v. State*, 970 S.W.2d 682 (Tex. App. - Dallas 1998, pet. ref'd). . . . . 11

*State v. Jimenez*, 987 S.W.2d 886 (Tex. Crim. App. 1999). . . . . . . . . . . . 7, 9

*State v. Webb*, 12 S.W.3d 808 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . 12

**Federal Cases**:

*Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396,
   1400, 18 L.Ed.2d 493 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781,
   61 L.Ed.2d 360 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**Constitutional Provisions**:

Art. V, §12, TEX. CONST.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Statutes**:

Art. 26.13, Tex. Code Crim. Proc. (2015).. . . . . . . . . . . . . . . . . . . . . 5, 6, 10

Art. 4.05, Tex. Code of Crim. Proc. (Supp. 2015). . . . . . . . . . . . . . . . . . . 4

Art. 44.02, Tex. Code of Crim. Proc. (1979). . . . . . . . . . . . . . . . . . . . . . . . 2

Sec. 12.34, Tex. Penal Code Ann. (2014). . . . . . . . . . . . . . . . . . . . 8, 11, 13

Sec. 30.04, Tex. Penal Code Ann. (2014). . . . . . . . . . . . . . . . . . . . . 4, 8, 12

Sec. 30.04, Tex. Penal Code Ann. (2014). . . . . . . . . . . . . . . . . . 4, 8, 12, 13

**Rules**:

Rule 25.2, Tex. R. App. Proc. (West 2003). . . . . . . . . . . . . . . . . . . . . . . . 2

Rule 3.03, Texas Rules of Prof. Conduct. . . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATEMENT OF PROCEDURAL HISTORY

David Wayne Stokes was indicted for two offenses. In cause number 73914 he was charged with Burglary of a Vehicle. In cause number 74268 he was charged with Burglary of a Building. Both offenses were alleged to have been committed on November 22, 2014. Appellant entered pleas of guilty to each charge in the same proceeding. After a brief hearing before the judge, Appellant was convicted and sentenced to 10 years in each case. On July 2, 2015, Appellant perfected an appeal to this Court.

New counsel was appointed on appeal. Appellate counsel received and reviewed the Clerk's and Reporter's Records. After this review, counsel determined that the record does not support any legal argument that could conceivably convince an appellate court to reverse the judgments of conviction or sentences imposed.

Because counsel could find no meritorious issues to argue in this appeal, he has filed a Motion to Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This brief is presented to support counsel's conclusion that this record shows no reversible error. Appellant was personally served by certified mail with a copy of the motion, this supporting brief, and instructions on how to obtain the record and file a *pro se* brief. A copy of the letter and evidence demonstrating notice to Appellant is attached to the Motion to Withdraw.

## STATEMENT OF FACTS

On June 5, 2015, Appellant entered pleas of guilty in cause numbers 73,914 and 74,268 without a plea recommendation in either case. (RR2 4, 8). The trial court accepted his pleas and found him guilty. (RR2 7 - 8; RR3 11). The case was reset for sentencing. (RR2 11).

One July 2, 2015, a sentencing hearing was held. The trial court considered a pre-sentence report, a letter from Appellant and argument of counsel. (RR3 5, 6 - 10). The court then sentenced him to 10 years in both cases to run concurrently. (RR3 11). On July 16, 2015, Appellant filed notices of appeal in both cases. (CR-73,914, p. 43; CR-74,268, p. 33). The undersigned counsel was appointed on July 24, 2015. (CR-73,914, p. 55; CR-74,268, p. 44).

The reporters record shows both cases were heard together and the record was filed with this Court as a single proceeding. Because there were two different cause numbers, the trial court clerk filed separate clerk's records in cause numbers 73,914 and 74,268. For the purposes of this brief, cause number 73,914 charging Burglary of a Vehicle is referred to as "(CR-73,914)." Cause number 74,268 charging Burglary of a Building is referred to as "(CR-74,268)."

# IN THE COURT OF APPEALS

## FOR THE THIRD SUPREME JUDICIAL DISTRICT

## OF TEXAS

---

DAVID WAYNE STOKES, Appellant

VS.

THE STATE OF TEXAS, Appellee

---

## BRIEF PURSUANT TO ANDERS v. CALIFORNIA SUPPORTING COUNSEL'S CONCLUSION THAT THE RECORD CONTAINS NO REVERSIBLE ERROR

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW, Ken Mahaffey, appointed counsel for David Wayne Stokes, and respectfully submits this Brief in support of counsel's motion to withdraw.

## STATEMENT OF THE CASE AND SUMMARY OF ARGUMENT

This is an appeal from a conviction for Burglary of a Building and Burglary of a Vehicle. Counsel has reviewed both the Clerk's and Reporter's records. Counsel did not find a meritorious issue to for reversal. Counsel has moved to withdraw and this brief is filed in support of that motion.

1

## DISCUSSION OF RULES GOVERNING FRIVOLOUS APPEALS

There is no Federal or State constitutional right of appeal. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Texas criminal defendants do have statutory appellate rights. Art. 44.02, Tex. Code of Crim. Proc. (2015); Rule 25.2, Tex. R. App. Proc. (West 2015). These statutory rights include a constitutional right to counsel. *Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991). Not all appeals contain reversible errors or meritorious issues. *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

"[A] defendant's right to assistance of counsel does not include the right to have an attorney urge frivolous or unmeritorious claims." *Johnson v. State*, 885 S.W.2d 641, 645 (Tex. App. - Waco 1994, no pet.). An attorney also has a duty to disclose contrary authority to the court. Rule 3.03, Texas Rules of Prof. Conduct, Vol 3A, Tex. Gov't Code Ann. (1998). It is also improper for an attorney to make a misleading or unsupported argument. *Id*.

Before determining that an appeal is frivolous, counsel must thoroughly review the record and research any issues that may have merit. *Johnson v. State*, 885 S.W.2d at 645. If appellate counsel is unable to find any issue that could "conceivably" persuade a reviewing court to reverse, then counsel has a duty to withdraw. *Id*.

Appellate counsel has two additional duties. First, he must file a brief

2

discussing the record and detailing why each cognizable issue does not constitute reversible error. *Anders*, 87 S.Ct at 1400; *High v. State*, 573 S.W.2d 807, 808 (Tex. Crim. App. 1978). Second, he must notify appellant of the right to file a *pro-se* brief. *Anders*, 87 S.Ct at 1400; *Johnson*, 885 S.W.2d at 646. This notice must also include a copy of the *Anders* brief and instructions on how to gain access to the appellate record. *Id.* A copy of the letter sent to Appellant is attached as an exhibit to the "Motion to Withdraw" filed along with this brief. A certificate of counsel confirming this notice has also been filed with this Court along with the motion.

The appellate court also has a duty to independently review the case. *Johnson*, 885 S.W.2d at 647. This includes determining that the appellate attorney conducted a diligent search of the record for any arguable claims. *Id*. The reviewing court must also conduct its own ". . . full examination of all the proceedings. . ." to ensure the appeal is indeed devoid of any meritorious issues. *Id*., *quoting Anders*, 87 S.Ct. at 1400. If the court finds an arguable claim, new counsel should be appointed. *Stafford*, 813 S.W.2d at 511. If no meritorious issues are found, then the conviction must be affirmed.

## LEGAL ISSUES EVALUATED BY COUNSEL

**LEGAL ISSUE EXAMINED NUMBER ONE:**

DID THE INDICTMENT VEST THE TRIAL COURT WITH JURISDICTION BY PROPERLY CHARGING APPELLANT WITH AN OFFENSE?

## ARGUMENT AND AUTHORITIES

An indictment vests the court with jurisdiction and charges a defendant with an offense if it ". . . accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute. . ." *Duron v. State*, 956 S.W.2d 547, 550 - 551(Tex. Crim. App. 1997); Art. V, §12, TEX. CONST. District courts have felony jurisdiction. Art. 4.05, Tex. Code of Crim. Proc. (2015). The record does not contain any objections to the indictment.

The indictment in cause number 73914 charged the offense of Burglary of a Vehicle under Sec. 30.04, Tex. Penal Code Ann. (2014). It states a date within the applicable limitation period, identifies Appellant and tracks the statutory language. (CR-73914, p. 4). Because it charges appellant with an offense, it vested the trial court with jurisdiction and is sufficient under Article V, § 12 of the Texas Constitution. *Duron, supra,* 956 S.W.2d at 550 - 55. Counsel could not identify any legitimate legal argument from the record that could convince an appellate court to

4

reverse based on the Burglary of a Vehicle indictment.

The indictment in cause number 74,268 charges Burglary of a Building under Sec. 30.02(a) (3), Tex. Penal Code Ann. (2014). (CR-74,268, p. 4). The indictment states a date within the applicable limitation period, identifies Appellant and tracks the statutory language. As such, it vested the trial court with jurisdiction. *Duron, supra,* 956 S.W.2d at 550 - 55. Again, Counsel could also not identify a meritorious argument to challenge this indictment.

**LEGAL ISSUE EXAMINED NUMBER TWO:**

> DID THE TRIAL COURT COMPLY WITH ART. 26.13, TEX. CODE CRIM. PROC. (2015) REQUIRING ADMONITIONS BEFORE ACCEPTING THE GUILTY PLEA.

<u>**ARGUMENT AND AUTHORITIES**</u>

**I. Compliance With Art. 26.13, Tex. Code Crim. Proc. (2015) Is Required.**

In order to demonstrate that a plea of guilty is knowing, intelligent and voluntary, the trial court must comply with Art. 26.13, Tex. Code Crim. Proc. (2015); *Mendez v. State*, 138 S.W.3d 334, 344 (Tex. Crim. App. 2004). Article 26.13, *supra*, requires that prior to accepting an un-negotiated plea of guilty or nolo contendere, the trial court must admonish the defendant about the following matters:

- statutory range of punishment
- if not a citizen of the U.S., the plea could result in deportation

5

- applicability of sex offender registration

Art. 26.13 (a) (1) - (5), *supra*.[1] The trial court shall also ensure the defendant is mentally competent and the plea is voluntary. *Id.* (b). These admonitions may be orally or in writing. *Id.* (c) & (d). The standard of review is "substantial compliance." *Id.*; *Cain v. State*, 947 S.W.2d 262, 263 (Tex. Crim. App. 1997).

## II. Record Shows Compliance.

### a. Competency.

A defendant is mentally competent to stand trial if he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, or a rational as well as factual understanding of the proceedings against him. Art. 46B.0003 (a), Tex. Code Crim. Proc. (2015). Competence is presumed unless rebutted a preponderance of the evidence. *See Schoor v. State*, 279 S.W.3d 844, 846 (Tex. App. - Amarillo 2009, pet. ref'd). Here, the trial court asked both appellant and his counsel about competency and both responded he was competent. (RR6, 7). The plea papers also contain the same statement. (CR-73,914, p. 30; CR-74,268, p. 19). The trial court also made a specific finding of competence. (RR2 7). Nothing in this

---

[1] The Statute also requires statement of the plea bargain terms and the need for the trial court to approve it, but this was an un-negotiated plea. (CR-73,914, p. 27; CR-74,268, p. 16)(RR2 8).

6

record indicates appellant was not competent.

**b. Voluntariness**.

The trial court asked if this was appellant's free and voluntary decision to which appellant responded affirmatively. (RR2 8). "Generally, a guilty plea is considered voluntary if the defendant was made fully aware of the direct consequences of his plea." *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999). The trial court also orally accepted a waiver of jury trial and informed appellant he could be convicted on his plea. (RR2 6 - 7).Written warnings in the plea papers also detailed the consequences. (CR-73,914, p. 28; CR-74,268, p. 17). Proper admonishment by the trial court creates a *prima facie* showing that the defendant entered a knowing and voluntary plea. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). When that prima facie showing has been made, the burden shifts to the defendant to show he entered his plea without knowing its consequences. *Id*. The record does not reveal any indication that appellant was not properly informed of these consequences. The record supports a finding that the plea was voluntary.

**c. Range of Punishment**.

In cause number 74268, Appellant was arraigned on the charge of Burglary of a Building under Sec. 30.02(a) (3), Tex. Penal Code Ann. (2014). (RR5 ).While this

7

offense is normally a state jail felony, *see* Sec. 30.02 (c)(1), *supra*, it can be punished as a third degree felony upon proof of two prior state jail felony convictions. *See* Sec. 12.425 (a), Tex. Penal Code Ann. (2014). Here, the indictment contained several enhancement paragraphs and Appellant entered a plea of true to those allegations. (RR2 7). The trial court advised appellant of the penalty range for a third degree felony. (RR2 5). Appellant was properly informed of the range of punishment. *See* Sec. 12.34, Tex. Penal Code Ann. (2014)(penalty range for third degree felony is 2 to 10 years and up to a $10,000 fine).

In cause number 73914, Appellant was arraigned for of Burglary of a Vehicle under Sec. 30.04 (a), Tex. Penal Code Ann. (2014). While Burglary of a Vehicle is initially designated as a Class A Misdemeanor, it becomes a state jail felony upon proof of two or more prior convictions under that penal code section. *See* Sec. 30.04 (d)(2)(A), *supra*. The indictment contained allegations of three prior Burglary of a Vehicle convictions. (CR-73914, p. 4). The indictment also contained six other enhancement paragraphs alleging other state jail felony convictions sufficient to raise the state jail felony to a third degree felony. (CR-73914, p. 4 - 5). Appellant entered pleas of true to all those allegations. (RR2 7).

The trial court informed appellant that the range of punishment was from two to ten years and up to a $10,000 fine in both cases. (RR2 5). Appellant was properly

8

informed of the range of punishment. *See* Sec. 12.34, Tex. Penal Code Ann. (2014)(penalty range for third degree felony is 2 to 10 years).

### d. Citizenship.

Appellant told the trial court he was a U.S. Citizen. (RR2 6). The written plea documents also contain a warning concerning deportation. (CR-73,914, p. 28; CR-74,268, p. 17). Appellant was properly informed about the risks of deportation under Art. 26.13 (a) (4), *supra*. *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)(any error in not discussing deportation consequences harmless where the record showed defendant was a U.S. citizen); *see also State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999)(warning of deportation risk is not constitutionally mandated and subject to harmless error rule).

### e. Sex Offender Registration.

The trial court did not address sex offender registration. This, however, was not an issue in this case as neither offense carries a registration requirement. While under Sec. 30.02, Tex. Penal Code Ann. (2014), "burglary" can be a reportable offense, it only becomes so if the offense is committed under subsection (d) which pertains only to burglary of a habitation. *See* Art. 62.001(5)(D), Tex. Code Crim. Proc. (2015). Burglary of a vehicle is not listed as a reportable offense. *Id*. As a result, there could

9

be no prejudice from failing to warn appellant about these consequences. *See Pender v. State*, 02-13-00400-CR (Tex. App. - Fort Worth, May 8, 2014, (*not designated for publication*) (warning not required because registration did not apply to charged offense). In any event, any error would be harmless. *See Mitschke v. State*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004)(because registration is a collateral consequence, lack of warning harmless where defendant failed to show harm.).

**III. No Reversible Error Shown in Acceptance of Guilty Plea.**

The record shows substantial compliance with Art. 26.13, Tex. Code Crim. Proc. (2015); *see also Davison v. State*, 405 S.W.3d 682, 692 (Tex. Crim. App. 2013)(harmless error rule applies to Art. 26.13, *supra*, warnings). The record also independently supports a finding that appellant's plea was knowing and voluntary. Counsel could discover no legal issue in the plea proceedings that could persuade an appellate court to reverse.

**LEGAL ISSUE EXAMINED NUMBER THREE:**

WAS THE EVIDENCE LEGALLY SUFFICIENT TO SUPPORT THE CONVICTION?

**ARGUMENT AND AUTHORITIES**

Appellant tendered a written judicial confession. (CR-73,914, p. 21; CR-

10

74,268, p. 29). He also told the judge he was pleading guilty because he ". . . committed the offenses as alleged." (RR2 8). He further tendered a personal letter to the trial court admitting his guilt. (RR3 5 - 6); (DX1).

"[A] plea of guilty . . . admits all the elements of the offense. . ." and ". . . is conclusive as to the defendant's guilt." *Brinson v. State*, 570 S.W.2d 937, 938 - 939 (Tex. Crim. App. 1978); *Stahle v. State*, 970 S.W.2d 682, 688 (Tex. App. - Dallas 1998, pet. ref'd)(no additional evidence of guilt required). Counsel cannot identify any legal argument that could persuade an appellate court that the evidence was insufficient.

**LEGAL ISSUE EXAMINED NUMBER FOUR:**

WAS THE SENTENCE IMPOSED WITHIN THE PROPER RANGE OF PUNISHMENT?

**ARGUMENT AND AUTHORITIES**

In cause number 74268, Appellant was convicted of Burglary of a Building under Sec. 30.02(a) (3), Tex. Penal Code Ann. (2014). As discussed above, because it was enhanced with prior convictions, it was punishable by as third degree felony. Appellant entered a plea of true to the enhancement allegations. (RR2 7). The sentence of 10 years was within the statutory range of punishment. *See* Sec. 12.34, Tex. Penal Code Ann. (2014)(penalty range for third degree felony is 2 to 10 years).

11

Because the sentence was within the legal range, Counsel can identify no legitimate legal argument to challenge the sentence.

In cause number 73914, Appellant was convicted of Burglary of a Vehicle under Sec. 30.04, Tex. Penal Code Ann. (2014). Burglary of a Vehicle is normally a Class A Misdemeanor. It becomes a state jail felony upon proof of two or more prior convictions under that penal code section. *See* Sec. 30.04 (d)(2)(A), *supra*. Because the offense charged was originally a misdemeanor, appellate counsel did examine whether it could be properly enhanced again. This is because there is some caselaw that suggests that further, or "double" enhancement is not allowed because the "offense tried" does not change in relation to whether it could be enhanced. *See State v. Webb*, 12 S.W.3d 808, 811 (Tex. Crim. App. 2000). However, there is a distinction between offenses which are merely subject to greater punishment and those where prior convictions are elements of the offense so as to create a new greater offense. *Ford v. State*, 334 S.W.3d 230, 234 - 235 (Tex. Crim. App. 2011) (statutory language stating an offense "shall be punished as" a greater offense increases the applicable penalty range while the grade of the primary offense remains the same). When the statutory language specifies that prior convictions are elements of the greater offense, then the statute creates a new offense. *See Ford v. State*, 334 S.W.3d 230, 234 - 235 (Tex. Crim. App. 2011) (statutory language stating an offense "shall be punished as"

a greater offense increases the applicable penalty range while the grade of the primary offense remains the same). If however, the statute provides the crime "becomes" a greater offense upon proof of prior convictions, then those enhancements are not just for punishment but are elements of the offense. *Calton v. State*, 176 S.W.3d 231, 234 - 235 (Tex. Crim. App. 2005)(distinguishing between punishment only enhancement and those designated of elements of a new offense).

Here, the statute states that upon proof of two prior convictions ". . . *is* a state jail felony . . ." *See* Sec. 30.04 (b) (2), Tex. Penal Code Ann. (2014)(emphasis added). As a result, the Class A misdemeanor became new offense which was a state jail felony subject to the enhancement provisions of Sec. 12.425 (a), Tex. Penal Code Ann. (2014). *Calton, supra* at 234 (when a prior conviction is designated as an element of the offense, a new greater offense is created).

A state jail felony may be punished as a third degree felony upon proof of two prior state jail felony convictions. Sec. 12.425 (a), Tex. Penal Code Ann. (2014). The indictment alleged six prior convictions beyond those necessary to raise the offense to a state jail felony. (CR-73,914, p. 4). Because the charged offense a state jail felony, it was not improperly doubly enhanced. *Calton, supra* at 234 - 235. The trial court imposed a sentence of 10 years. This was within the statutory range of punishment. *See* Sec. 12.34, Tex. Penal Code Ann. (2014)(penalty range for third

13

degree felony is 2 to 10 years). Because the sentence was within the legal range, Counsel can identify no legitimate legal argument to challenge the sentence.

**LEGAL ISSUE EXAMINED NUMBER FIVE**:

DID THE TRIAL COURT ABUSE ITS DISCRETION IN SENTENCING?

## ARGUMENT AND AUTHORITIES

Sentences imposed by a trial court are reviewed under the abuse of discretion standard. See *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Generally, a sentence within the statutory range of punishment for an offense is not excessive, cruel, or unusual punishment. *Hill v. State*, 493 S.W.2d 847, 849 (Tex. Crim. App. 1973); *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App. – Fort Worth 2005, no pet.). As detailed above, both the indictments for Burglary of a Building and Burglary of a vehicle included enhancements with multiple prior convictions. (CR-74,268, p. 4; CR-73,914, p. 4). *See* Sec. 12.425, Tex. Penal Code Ann. (2014)(authorizing punishment as third degree felony). Because the trial court had discretion to impose sentence within the range of punishment, Counsel can identify no argument of merit to challenge the trial court's discretion to impose the sentence of 10 years in this case.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES, CONSIDERED, the undersigned counsel respectfully requests that he be permitted to withdraw from representation in this appeal and that the Court independently review the record.

Respectfully Submitted,

*Ken Mahaffey*

Ken Mahaffey
Counsel for Appellant
P.O. Box 684585
Austin, Texas 78768
Phone & Fax (512) 444-6557
St. Bar. No. 12830050
*Ken_Mahaffey@yahoo.com*

## CERTIFICATE OF SERVICE AND WORD COUNT COMPLIANCE

The above signature certifies that on September 16, 2015, this document was sent to the Bell County D.A.'s Office, P.O. Box 540, Belton, Texas 76513 and, by certified mail, to David Wayne Stokes, 02013175, Gurney Unit, 1385 FM 3328, Tennessee Colony, TX 75803. The above signature also certifies that this document contains 4262 words in compliance with Rule 9.4, Tex. R. App. Proc. (2015)(not to exceed 15,000 words).

ACCEPTED
03-15-00478-CR
6943793
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/16/2015 9:02:43 AM
JEFFREY D. KYLE
CLERK

No. 03-15-00478-CR & 03-15-00479-CR

| DAVID WAYNE STOKES | ) | IN THE COURT OF APPEALS |
| V. | ) | FOR THE THIRD SUPREME |
| STATE OF TEXAS | ) | JUDICIAL DISTRICT OF TEXAS |

## CERTIFICATE OF COUNSEL

In compliance with the requirements of *Anders v. California*, 386 U.S. 378 (1967), I, Ken Mahaffey, court-appointed counsel for appellant, David Wayne Stokes, in the above referenced appeal(s), do hereby verify, in writing, to the Court that I have:

1. notified appellant that I filed a motion to withdraw as counsel with an accompanying *Anders* brief, and provided a copy of each to appellant;

2. informed appellant of his right to file a *pro se* response identifying what he believes to be meritorious grounds to be raised in his appeal, should he so desire;

3. advised appellant of his right to review the appellate record, should he wish to do so, preparatory to filing that response;

4. explained the process for obtaining the appellate record, provided a Motion for *Pro Se* Access to the Appellate Record lacking only appellant's signature and the date, and provided the mailing address for this Court; and

5. informed appellant of his right to seek discretionary review *pro se*

1

should this Court declare his appeal frivolous.

Respectfully Submitted,

*Ken Mahaffey*

Ken Mahaffey
Counsel for Appellant
P.O. Box 684585
Austin, Texas 78768
Phone & Fax (512) 444-6557
St. Bar. No. 12830050
*Ken_Mahaffey@yahoo.com*

2